[Civ. No. 1677.   Second Appellate District.—January 13, 1915.]

JAMES McKAMY, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF BAKERSFIELD, and W. V. MATLACK et al., as Members of said Board of Trustees of said City, Respondents.

PUBLIC OFFICERS—REMOVAL OF CITY MARSHAL—IMPOSITION OF FINE— REGULARITY OF PROCEEDING—PROHIBITION.—Where a city marshal was by decree of court, pursuant to the provisions of section 772 of the Penal Code, deprived of his office and adjudged to pay a fine to one at whose relation the accusation was filed, in a proceeding for a writ of prohibition directed to the board of trustees of the city and its members, prohibiting it and them from proceeding to fill the vacancy in the office and asking that the judgment in favor of the relator be set aside, the denial by the supreme court of a writ of review, since an appeal does not lie, (168 Cal. 531), must be deemed an adjudication of the regularity of the proceeding in which the decree was rendered.

ID.—FINALITY OF DECREE DECLARING VACANCY—POWER TO APPOINT.— In such a case where no attack is made upon the final decree adjudging that petitioner be deprived of his office, it follows that a vacancy exists in the office, which vacancy the board of trustees is empowered to fill by appointment.

ID.—MINISTERIAL ACT—PROHIBITION.—In such a case the act of appointing a successor to the petitioner, whether ministerial or execu-

tive, at all events is not judicial in its character; and as the function of the writ of prohibition is to prohibit the doing of judicial acts, not ministerial acts, where the board or tribunal is proceeding without or in excess of jurisdiction, prohibition will not lie.

ID.—PARTIES—DENIAL OF WRIT.—Among other reasons for denying such writ is the fact that neither the court which rendered the decree, nor the relator, the judgment in favor of whom it is sought to have set aside, was made a party to the proceeding.

APPLICATION for a Writ of Prohibition originally made in the District Court of Appeal for the Second Appellate District to restrain the Board of Trustees of the City of Bakersfield from appointing a City Marshal, and also to set aside a judgment imposing a fine upon the Marshal removed.

The facts are stated in the opinion of the court.

Matthew Platz, for Petitioner.

James F. Farraher, and Alfred Siemon, for Respondents.

SHAW, J.—Petitioner, who was city marshal of the city of Bakersfield, was by decree of court, pursuant to the provisions of section 772 of the Penal Code, deprived of his office and adjudged to pay a fine of five hundred dollars to W. C. Dorris, at whose relation the accusation was filed. The proceeding is brought against the board of trustees of the city of Bakersfield; neither the court which rendered the decree, nor Dorris, the relator, being made a party herein. The prayer of the petition is that a writ of prohibition issue directed to said board of trustees and its members, prohibiting it and them from proceeding to appoint a city marshal to fill the vacancy created in said office by the removal of petitioner therefrom, and also asking that the judgment rendered in favor of said W. C. Dorris, relator, for five hundred dollars be set aside. The proceeding is not directed against that part of the decree adjudging that petitioner be deprived of his office. It also appears from the record that the petitioner unsuccessfully sought to have the proceeding reviewed in the supreme court both on appeal and by writ of review, the denial of which writ, since an appeal does not lie (*People* v. *McKamy*, 168 Cal. 531, [143 Pac. 752], must be deemed an adjudication of the regularity of the proceeding in which the decree was rendered.

Since no attack is made upon the final decree adjudging that petitioner be deprived of his office, it must follow that a vacancy exists in the office of city marshal of the city of Bakersfield, which vacancy the board of trustees is empowered to fill by appointment.    (See Gen. Laws, Municipal Corporation, 5th class.)

Moreover, the act of appointing a successor to petitioner, whether ministerial or executive, at all events is not judicial in its character.    The function of the writ of prohibition is to restrain the doing of judicial acts where the board or tribunal is proceeding without or in excess of jurisdiction. (Code Civ. Proc., sec. 1102.)    It does not lie to prohibit the doing of ministerial acts.    See *Camron* v. *Kenfield*, 57 Cal. 550; *Farmers' Union* v. *Thresher*, 62 Cal. 410 and *Hobart* v. *Tillson*, 66 Cal. 211, [5 Pac. 83], where it is held that the act of the legislature in attempting to enlarge the office of the writ of prohibition so as to apply to ministerial acts, was unauthorized by the constitution.

Aside from other reasons which might be assigned for denying the application, it clearly appears:  1. That neither the court which rendered the decree, nor the relator, the judgment in favor of whom it is sought to have set aside, is made a party to the proceeding; 2. That the decree in effect declaring a vacancy to exist in the office of city marshal, being final, it is the duty of the respondents to appoint some one to fill such vacancy; and, 3. That the matter of such appointment, even though unauthorized, is not a judicial act.

The application for the writ is denied and the proceeding dismissed.

Conrey, P. J., and James, J., concurred.

'A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1915.