## Levine *v.* Ferlisi.

*Automobile Accident.*

(Decided April 15, 1915. 68 South. 269.)

*Master and Servant; Agency; Jury Question.*—Under the evidence in this case it was a question for the jury whether the brother of the defendant who was driving defendant's automobile at the time was the agent of the defendant, the action being for injuries received from an automobile.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Jack Levine against Joe Ferlisi for injuries sustained in an automobile accident. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

LEADER & EWING, for appellant.

[Levine v. Ferlisi.]

W. P. McCrossin, and George E. Bush, for appellee.

SAYRE, J.—In this case appellant sought to recover damages for personal injuries alleged to have been inflicted by the negligent act of appellee's agent while driving an automobile along a public street in the city of Birmingham. The court gave the general charge for appellee, and this it must have done on the ground that there was no evidence authorizing an inference of the driver's agency at the time for appellee. In this the court erred.

There was evidence that the automobile was the property of appellee; that he had a license to operate the machine for hire; and that the driver at the time, appellee's brother, had been frequently seen operating the machine. In connection with these facts it was competent for appellant to show, and he did show, that at the place of the accident, and immediately thereafter, the driver had said that the machine belonged to his brother, the appellee.—*Robinson v. Greene,* 148 Ala. 434, 43 South. 787; *Barfield v. Evans,* 187 Ala. 579, 65 South. 928. To this appellee opposed nothing in the way of explanation or denial which might have tended to bring his case within the influence of *Parker v. Wilson,* 179 Ala. 366, 60 South. 150, 43 L. R. A. (N. S.) 87, and *Armstrong v. Sellers,* 182 Ala. 582, 62 South. 28, in both which cases there was evidence going to show, and without dispute, that the owners of private machines knew nothing of the use of their machines, and that at the time of the occurrences there in question they were not in use for any business of theirs. On the evidence in this case it was a question for the jury whether the driver at the time was acting for appellee and within the line and scope of his authority.—*Miller-Brent Lumber Co. v. Stewart,* 166 Ala.

657, 51 South. 943, 21 Ann. Cas. 1149; *Robinson v. Greene, supra.*

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.