# Morrison, *et al. v.* Clark.

### Automobile Accident.

(Decided May 18, 1916.   Rehearing denied June 30, 1916.
72 South. 305.)

1. **Master and Servant; Injury to Third Person; Complaint.**—Where the action was for personal injury caused by an automobile collision, a count alleging a willful and intentional injury inflicted by defendant's servant or agent, but which failed to charge that such servant or agent having charge or control of defendant's car at the time of the injury was acting within the scope of his employment by defendant, was subject to demurrer.

2. **Appeal and Error; Harmless Error; Pleading.**—Where it was clear from the evidence that the verdict was rendered on the first count charging simple negligence, and that punitive damages were not awarded, any error in overruling a demurrer to the willful and wanton count in the complaint was rendered harmless.

3. **Same; Objection Below; Variance.**—Under rule 34, Circuit Court Practice, the court will not be put in error for admitting evidence that defendant's agent or servant did the act of negligence, where there was no objection at the trial to the evidence on the grounds of variance, although there was a count in the complaint charging that defendant negligently caused or allowed the injury.

4. **Master and Servant; Injury to Third Person; Variance.**—Under a count alleging that defendant negligently caused or allowed his automobile to run against plaintiff's vehicle, plaintiff could recover on evidence which

[Morrison, et al. v. Clark.]

warranted the jury in drawing the inference that the wrongful act was committed by defendant, acting through servants or agents who were at the time acting in the line and scope of their employment.

5. **Charge of Court; Directing Verdict.**—Where, there was evidence which tended to establish plaintiff's case, the court was without power to withdraw the case from the jury.

6. **Motor Vehicles; Use of Streets; Duty of Driver.**—Although a driver may use any part of the highway, except under special circumstances, yet when meeting another vehicle or person, whether the vehicle be motor driven or horse drawn, the driver must turn seasonably to the right of the center of the traveled portion of the highway.

7. **Same; Presumption.**—Each driver of a vehicle on a highway has the right to assume that the other will obey the rule of the road in meeting and passing.

8. **Same; Evidence.**—Where a collision occurs in meeting with one driving on the left side of the highway, the fact that the other was driving on the wrong side of the highway is only prima facie evidence of negligence, which may be explained or justified as the particular circumstances or exigencies of the cause may warrant.

9. **Same**—The fact that one was driving on the proper side of the road when the collision occurred, is evidence of due care.

10. **Same; Proximate Cause.**—The driver of a vehicle driving on the wrong side of a highway is not liable for injuries sustained by another in collision with his conveyance unless the negligent act of driving on the wrong side was the proximate cause of the injury, as there must be a causal connection between the unlawful and wrongful act of driving on the wrong side, and the resulting injury.

11. **Same; Statute.**—Under Acts 1911, p. 642, § 20, where the automobile driven by defendant's son was approaching from the rear of plaintiff, and was attempting to pass when the collision occurred, it was the duty of those in charge of the automobile to have the same under control, and not to pass until the right of way for free passage had been accorded them by plaintiff, as soon as practicable, or existed by the circumstances.

12. **Same; Contributory Negligence.**—If plaintiff negligently pulled his horse suddenly to the left without notice or warning to the driver of the automobile, while the automobile was so close that its driver did not have a reasonable opportunity to avoid the collision, there could be no recovery for the injuries caused by defendant's automobile.

13. **Same; Instruction.**—A charge asserting that the law of the road requires a person driving along a public street or highway to keep to the right, and if the jury found that plaintiff was not as near the right side of the street or highway, where the injury occurred, at the time of the injury, and that this was the proximate cause of the injury, then you cannot find for plaintiff under the negligent count, was properly refused.

14. **Charge of Court; Mind of Juror.**—The fact that the mind of any one juror was in a state of doubt or uncertainty, might warrant a mistrial, but would not warrant a verdict for defendant.

15. **Husband and Wife; Action by Husband; Loss of Service.**—A husband may recover for the loss of the services of his wife where such loss proximately resulted from injuries wrongfully inflicted upon her.

[Morrison, et al. v. Clark.]

16. **Motor Vehicles; Use of Street; Jury Question.**—Under the evidence in this case it was a question for the jury whether defendant's son who was driving the automobile had proper control or charge of the automobile when the injuries were inflicted.

17. **Master and Servant; Injuries to Third Person; Instruction.**—Where defendant's agent, within the scope of his employment, had the right to use the automobile at the time of the accident, charges to find for defendant, if at the time of the accident, defendant had no desire for the agent to take the automobile out and run it on the occasion when the injuries were inflicted; or if at the time of the accident, the agent was running it without regard to defendant's wishes or desires, were misleading in the use of the word "wishes" or "desires" and "desire," as it was not a question as to the wish or desire of the master, but of the authority of the servant or agent in charge just before and at the time of the collision to have and operate the car.

APPEAL from Birmingham City Court.

Heard before Hon. A. H. ALSTON.

Action by G. W. Clark against John M. Morrison and others, for damages for injuries in an automobile collision. Judgment for plaintiff and defendants appeal. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 450. Affirmed.

The pleadings and the facts sufficiently appear. The following charges are referred to in the opinion:

8. (Given for defendant.) The court charges the jury that if they believe from the evidence that the plaintiff negligently pulled his horse suddenly to the left without notice or warning to the driver of the automobile, while said automobile was so close to the buggy as not to admit of a change in direction by the driver of the automobile, and without reasonable opportunity upon the part of the driver of the automobile to avoid the collision, then you cannot find for plaintiff under the first count.

The following charges were refused to defendant:

16. I charge you that the law of the road requires a person driving along a public street or highway to keep to the right, and if you find that plaintiff was not as near the right side of the street or highway where the injury occurred at the time of the injury, and that this was the proximate cause of the injury, then you cannot find a verdict in favor of the plaintiff under the first count of the complaint.

11. The court charges you that if after a fair consideration of the evidence the mind of any one of you is left in a state of uncertainty and doubt so that you cannot reasonably decide whether defendant was guilty of the wrong charged in any count of the complaint, then your verdict must be for defendant.

[Morrison, et al. v. Clark.]

4. If you believe the evidence in this case, you cannot find for plaintiff as to any alleged loss of service of his wife, claimed to have been sustained by the plaintiff.

D. The court charges you that you cannot return a verdict in favor of plaintiff unless you find from the evidence that Gayhart was in charge of the automobile when the alleged injuries were sustained.

B. The court charges you, gentlemen, that if from the evidence you find the defendant had no desire for Truman Morrison and Gayhart to take out his automobile and run it on the occasion when the said injuries were inflicted, then your verdict should be for defendant.

E. Your verdict cannot be for plaintiff if you believe from the evidence that at the time of the alleged accident Gayhart and Truman Morrison were running the defendant's automobile without regard to the defendant's wishes or desires whether they should run it or not.

ALLEN, FISK & TOWNSEND, for appellant. HARSH & HARSH, and R. B. KELLY, for appellee.

THOMAS, J.—The case was tried on a simple negligence count, charging that: "While plaintiff and his wife, Sarah E. Clark, were in a vehicle, to-wit, a buggy, upon a public highway in the city of Birmingham, Ala., an automobile being operated by defendant ran into, upon, or against said vehicle in which plaintiff and his said wife were, and as a proximate consequence thereof, etc. * * * Plaintiff alleges that said automobile ran upon or against or into said vehicle in which plaintiff was on the occasion aforesaid, and plaintiff suffered the personal injuries and damages to himself and damages and loss to his said property, and the consequent damages and loss to him from the said injuries and damages to his said wife, all as a proximate consequence of the negligence of defendant, in this, to-wit, defendant negligently caused, or allowed said automobile to run upon or against or into said vehicle on the occasion aforesaid."

(1) The second count, charging a willful and intentional injury inflicted by the defendant's servant or agent, failed to aver that such servant or agent of the defendant, having charge or control of said car at the time of the infliction of the injury, was acting within the line and scope of his employment by the

22—196

defendants.    This defect was taken by demurrer that should have been sustained.—*Addington v. Amer. Casting Co.*, 186 Ala. 92, 64 South. 614; *Wise, Adm'r, v. Curl, et al.*, 177 Ala. 324, 58 South. 286; *Daniels v. Carney*, 148 Ala. 81, 86, 42 South. 452, 7 L. R. A. (N. S.) 920, 121 Am. St. Rep. 34, 12 Ann. Cas. 612; *Ala. Gt. Sou. R. R. Co. v. Pouncey*, 7 Ala. App. 548, 61 South. 601.

(2) It is clear that the question whether the agent or servant in charge of the car at the time of the infliction of said injury was acting within the line and scope of his employment was correctly submitted for the decision of the jury.    From the undisputed evidence it is likewise clear that the jury found for the defendant under the second count of the complaint, and that punitive damages were not awarded.

The evidence shows that by reason of the collision the plaintiff sustained the loss of $110 on his horse, $2 or $3 damage to the harness, $20 damages for the buggy that was destroyed, incurred a medical bill of $100 or more, and sustained loss of time from his labor, where he was earning $100 a month before the accident, or the value of his services in nursing his wife, on account of her injuries caused by the collision, for the period of about three months.    Thus it is clear, that the verdict for $250 was on the first count, for the actual damages of the plaintiff sustained and claimed, and not on the second count, for punitive or exemplary damages.    We are of opinion, from the entire record, that the defendant was not injuriously affected in his substantial rights by the ruling on demurrer and the refusal to give charge No. 2.

(3) Adverting to the first count, in which is the averment that the "defendant negligently caused or allowed said automobile to run upon or against or into said vehicle on the occasion aforesaid," in *City Del. Co. v. Henry*, 139 Ala. 161, 34 South. 389, this court held that as to simple negligence, an averment that the "defendant" did the wrongful act could be maintained by proof that defendant's servants or agents did the act of negligence, while acting within the line and scope of their employment by the defendant.—31 Cyc. 1626.    Moreover, there was no objection to the evidence on the ground of a variance; therefore the court could not be put in error.—Circuit court rule No. 34, 175 Ala. xxi.

(4) If, then, there was evidence to warrant the jury in drawing the inference that the wrongful act was committed by the

defendant acting through servants or agents who, at the time, were in the discharge of the master's business, and were acting within the scope of the employment, then the affirmative charges requested by the defendant, as A and 1, were properly refused.

(5) When there is evidence which tends to establish the plaintiff's case, the court should not withdraw the cause from the jury.—*Tobler v. Pioneer Mining & Mfg. Co.*, 166 Ala. 517, 52 South. 86; *McCormack v. Lowe*, 151 Ala. 313, 44 South. 47; *M., J. & K. C. R. R. Co. v. Bromberg*, 141 Ala. 258, 37 South. 395; *Shipp v. Shelton*, 193 Ala. 658, 69 South. 102; *Amerson v. C. C. & I. Co.*, 194 Ala. 175, 69 South. 601; *Holmes v. Bloch, infra*, 71 South. 670; *L. & N. R. R. Co. v. Jenkins, infra*, 72 South. 68. An examination of the evidence shows that this question of fact was properly submitted to the jury.

The tendency of the evidence in the case at bar is more nearly analogous to that in *Levine v. Ferlisi*, 192 Ala. 362, 68 South. 269, being different from that in the case of *Parker v. Wilson*, 179 Ala. 361, 69 South. 150, 43 L. R. A. (N. S.) 87, and *Armstrong v. Sellers*, 182 Ala. 582, 62 South. 28.

Observance of the rule of the road is becoming more important, with the increasing use of steam, electric, and motor power vehicles on the public highways.—Berry on Automobile Law, § 119; *Parker v. Wilson, supra;* Gen. Acts 1911, pp. 640-642. In Sherman & Redfield on the Law of Negligence, vol. 3 (6th Ed.) § 649, it is said: "It is a universal custom under law in America for travelers, vehicles, and animals under the charge of man, to take the right hand of the road when meeting each other, if it is reasonable practicable to do so; and this rule, meaning that one should seasonably take the right hand, is enforced by statute in many states, so far as it relates to travelers in vehicles or on horseback. The statutes upon this subject generally prescribe that travelers shall pass to the right of the 'center of the road.' This means the center of the lawfully worked part of the road. No one is bound to leave that part of the road while there is room for other travelers to pass upon it, even though the smooth part be entirely on one side of the road."

(6, 7) It is generally accepted that vehicles, whether automobiles, horse-drawn conveyances, or bicycles, when meeting on the highways, must turn seasonably to the right of the center of the traveled portion of the highway in order to give each other room to pass.—*Slaughter v. Goldberg, et. al.*, 26 Cal. App. 317,

147 Pac. 90. A driver may use any part of the highway except under special circumstances, and when meeting another vehicle or a person. At the time of such meeting and passing, the duty of each to the other is to keep to the right.—*Giles v. Ternes*, 93 Kan. 140, 145, 143 Pac. 491; *Ternes v. Giles*, 93 Kan. 435, 144 Pac. 1014; *Segerstrom v. Lawrence*, 64 Wash. 245, 247, 116 Pac. 876. Each has a right to presume that the other will obey the rule of the road in meeting and passing.—*Medlin v. Spazier*, 23 Cal. App. 243, 137 Pac. 1078; 29 Cyc. 516.

(8) Where, however, a collision occurs in such passing on the highway, the presence of one on the left side of the road may be explained or justified as the particular circumstances or exigencies of the case may warrant.—*Johnson v. Small*, 5 B. Mon. (Ky.) 25; 3 Shearman & Redfield on Neg. § 649; Elliott on Roads and Streets, 620; *Clay v. Wood*, 5 Esp. 44; *Lloyd v. Calhoun*, 78 Wash. 438, 139 Pac. 231; *Slaughter v. Goldberg, et al., supra; Riepe v. Elting*, 89 Iowa, 82, 89, 56 N. W. 285, 26 L. R. A. 769, 48 Am. St. Rep. 356; *Wrinn v. Jones*, 111 Mass. 360; *Hubbard v. Bartholomew*, 163 Iowa, 58, 144 N. W. 13, 49 L. R. A. (N. S. 443; *Herdman v. Zwart*, 167 Iowa, 500, 149 N. W. 631; *Giles v. Ternes, supra*.

When, however, the collision occurs in meeting with one driving on the left side of the highway, the being on the wrong side of the highway amounts only to prima facie evidence of negligence.—*Riepe v. Elting, supra; Segerstrom v. Lawrence, supra; Herdman v. Zwart, supra; Cook v. Fogarty*, 103 Iowa 504, 72 N. W. 677, 39 L. R. A. 488; *Hubbard v. Bartholomew, supra*.

(9) It is, likewise, evidence of due care that one was driving on the proper side of the road when the collision occurred.—*Bourne v. Whitman*, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701.

(10) But the driver of a vehicle proceeding on the "wrong side" of the highway is not liable for injury sustained by another in collision with his conveyance, unless the negligent act of driving on the wrong side was the proximate cause of the injury. There must be causal connection between the unlawful or wrongful act of driving on the left side, and the resulting injury. —*Herdman v. Zwart, supra; Giles v. Ternes, supra*.

The courts have declared that where driving on the left side of the highway is the violation of an ordinance or a statute, such driver's rights are inferior to the rights of travelers going in

the opposite direction (*Hiscock v. Phinney,* 81 Wash. 117, 142 Pac. 461; *Hubbard v. Bartholomew, supra*) ; that statutes and ordinances, requiring travelers meeting on the highway to turn to the right, are to be interpreted as meaning that they shall do so seasonably, so that neither shall be impeded or retarded in the progress by reason of the other's occupying more than his portion of the road (Gen. Acts 1911, p. 642; *Segerstrom v. Lawrence, supra*) ; and that statutes and ordinances regulating the conduct of drivers in overtaking and passing other vehicles on the highway are inapplicable to vehicles meeting and passing on the highway (*Zellmer v. McTaigue,* 170 Iowa, 534, 153 N. W. 77). The rule of the road finds statement in our statute as follows:

"Whenever a person operating a motor vehicle shall meet on a public highway any other person riding or driving a horse or horses or other draft animals or any other vehicle, the person so operating such motor vehicle shall seasonably turn the same to the right of the center of such highway so as to pass without interference. Any person so operating a motor vehicle shall, on overtaking any such horse, draft animal or other vehicle pass on the left side thereof and the rider or driver of such horse, draft animal or other vehicle shall, as soon as practicable, turn to the right so as to allow free passage on the left. Any such person so operating a motor vehicle shall, at the intersection of public highway keep to the right of the intersection of the center of such highway when turning to the right and pass to the right of such intersection when turning to the left."—Acts 1911, p. 642, § 20.

(11) The car driven by defendant's son was approaching from the rear of plaintiff and attempting to pass, when the collision occurred. The duty was upon those in charge of the automobile, approaching and attempting to pass the vehicle, to have the car under such control as not to collide with plaintiff's vehicle, as they undertook to pass on the left side thereof. They were likewise under the duty not to undertake to pass until the right of way for free passage had been accorded by the driver of the vehicle ahead, or actually existed by the circumstances of the place. The statute places the duty on the first rider or driver to turn to the right so as to allow free passage on the left, only after notice and "as soon as practicable" according to the reasonable appearance of the situation.—*Overton v. Bush,* 2 Ala. App. 623, 56 South. 852.

(12, 13) The jury were properly instructed in charge 8, and no error was committed in refusing charge 16, requested by the defendants.

(14) By charge No. 11, defendants sought to have the jury instructed to find for the defendants, if the mind of any one juror was in a state of doubt or uncertainty. This fact might have warranted a mistrial, but not a verdict for the defendants.— *Hale v. State*, 122 Ala. 85, 26 South. 236; *Goldsmith v. State*, 105 Ala. 8, 16 South. 933; *Pickens v. State*, 115 Ala. 42, 22 South. 551; *B. R. L. & P. Co. v. Humphries*, 171 Ala. 291, 54 South. 613; *Carter, et al. v. State*, 103 Ala. 93, 15 South. 893; *Cunningham v. State*, 117 Ala. 59, 23 South. 693; *A. G. S. R. R. Co. v. McWhorter*, 156 Ala. 269, 47 South. 84.

(15) The husband may recover for loss of the services of his wife (*So. Ry. Co. v. Crowder*, 135 Ala. 417, 33 South. 335; *Ala. City, etc., Co. v. Appleton*, 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181), for expenses incurred in the procurement of such medical or surgical skill as ordinary prudence would suggest to be necessary in the treatment of her injuries (*B. R. L. & P. Co. v. Anderson*, 163 Ala. 72, 50 South. 1021; *Ala. City, etc., Co. v. Appleton, supra*), and for the value of his services while nursing his wife (*B. R. L. & P. Co. v. Chastain*, 158 Ala. 421, 48 South. 85; *So. Ry. Co. v. Crowder, supra; Bryan v. Stewart*, 194 Ala. 353, 70 South. 123), where such damages proximately result from injuries wrongfully inflicted upon her.

Charge No. 4, requested by defendants, was properly refused.

(16) Whether Truman Morrison had the rightful control or charge of the automobile when the alleged injuries were inflicted was properly submitted to the jury; and no error was committed by the refusal of charge D, requested by the defendants.

(17) If Morrison or Gayhart, within the line and scope of the employment by the defendants, had the right to take and to use the automobile on the occasion of the accident, as it was used, then charge B and E, requested by defendants, were misleading in the use of the words "desire," and "wishes or desire." Moreover, the law on this phase of the defendant's evidence was given the jury in charges C, 9, 13, 14. It was not a question of the wish or desire of the master·but of the authority of the servant or agent in charge just before, and at the time of the collision, to have and operate the car.

The case is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.