(98 South. 575)
### STANDARD OIL CO. v. CARTER.
### (8 Div. 614.)

(Supreme Court of Alabama. Dec. 20, 1923. Rehearing Denied Jan. 24, 1924.)

1. **Municipal corporations** ⊗═706(1)—**Pleas of failure to turn to right to permit passage of truck held insufficient.**

In an action for injuries to one thrown from a wagon struck by a motor truck passing it from the rear, defendant's special pleas that plaintiff negligently failed to turn to the right as soon as practicable, as required by Acts 1911, p. 642, § 20, *held* insufficient as failing to aver or show any necessity for bearing to the right.

2. **Municipal corporations** ⊗═705(2)—**Driver of vehicle overtaken by motor vehicle must bear to right only when necessary.**

Acts 1911, p. 642, § 20, requiring drivers of vehicles overtaken by motor vehicles to turn to the right, requires the driver to bear to the right only when necessary to give the approaching vehicle ample room to pass; but failure to do so, even in such case, would not necessarily justify the operator of the approaching vehicle in running into him.

3. **Appeal and error** ⊗═1052(4)—**Admission of physician's testimony as to examination day after collision held not reversible error.**

In a personal injury suit, admission of a physician's testimony as to plaintiff's injuries when he examined him *held* not reversible error where plaintiff subsequently connected the examination with his injury by testimony that he went to the doctor the day following it; whether the injuries testified to were produced by the collision alleged or intervening circumstances being for the jury.

4. **Witnesses** ⊗═327—**Witness' use of opium not ordinarily admissible to impair credit.**

The use of opium by a witness cannot be introduced to impair his credit unless he was under the influence thereof at the time of testifying or when the event testified to occurred, or his mind was generally impaired by the use thereof.

5. **Witnesses** ⊗═330(1)—**Question whether plaintiff had been opium habitué held properly excluded.**

In a personal injury suit, exclusion of a question as to whether plaintiff had been an opium habitué for many years before the injury and subsequent thereto *held* not error, in the absence of any statement that defendant expected to show that the habit was so excessive as to impair plaintiff's memory; such question not showing that he was under the in-

fluence of the drug at the time of the injury or when testifying.

**6. Municipal corporations ⬤⇝706(4)—Wagon driver's testimony as to motor truck behind him held admissible.**

In an action for injuries to one thrown from a wagon struck by a motor truck passing it from the rear, plaintiff's testimony that he did not know the truck was behind him, *held* admissible.

**7. Trial ⬤⇝62(2)—Rebuttal testimony as to condition of wagon shortly after collision held properly admitted.**

In an action for injuries to the driver of a wagon struck by a motor truck, where there was a sharp conflict in the testimony as to how the wagon was struck, the injury to the wheels, and whether plaintiff was thrown or fell from the wagon, rebuttal testimony by plaintiff's witness as to the condition of the wagon when he saw it shortly after the collision was properly admitted, as tending to corroborate one and contradict the other.

**8. Trial ⬤⇝251(8)—Requested charges held properly refused as invoking negligence not pleaded.**

In an action for injuries to the driver of a wagon struck by a motor truck passing it from the rear, defendant's requested charges as to plaintiff's duty to turn to the right as soon as practicable if he knew the truck was approaching, *held* properly refused as invoking negligence not pleaded.

**9. Trial ⬤⇝260(1)—Refusal of charge substantially covered by charge given not error.**

Refusal of a charge substantially covered by a charge given is not error.

**10. New trial ⬤⇝70—New trial for insufficiency of evidence of truck driver's negligence held properly denied.**

Where a truck driver's testimony showed that a wagon was far enough to the right to give ample space to pass, and that the collision would not have occurred if he had not tried to pass as an approaching vehicle got opposite the wagon, the court did not err in refusing a new trial.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action by Perkins B. Carter against the Standard Oil Company, for damages for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 1 of the complaint is as follows:

"Count 1. The plaintiff claims of the defendant the sum of $3,000 for injuries received by plaintiff on, to wit, September 29, 1922. Plaintiff avers that on said date he was riding along a public street and thoroughfare in the city of Decatur, Ala., in a light, one-horse wagon, and the defendant's agent or employee was also driving along said throughfare in one of the defendant's motor trucks, and the defendant's said agent or employee, acting within the scope of his authority, so negligently managed or operated the said au-

tomobile truck as to cause as a proximate consequence of such negligence the wagon in which said plaintiff was riding to be struck by said automobile truck, and plaintiff was thrown out of said wagon to the ground, and was severely hurt and bruised, a splinter of wood was thereby caused to be thrust through his thumb, and his right arm broken, and his face injured and bruised, and plaintiff was permanently injured and prevented from engaging in his employment, and thereby lost his salary for his daily work, and was caused to suffer great mental and physical pain; that plaintiff was thereby proximately caused to incur a doctor's bill for the treatment of his said injuries in the sum of $200, which he claims in this suit. Wherefore he sues."

Defendant's pleas 2, 3, and 4 are as follows:

"(2) That plaintiff was guilty of negligence proximately causing his injury in this: Said plaintiff in a horse-driven wagon and defendant's truck were both proceeding westerly along Market street, a public street, in the city of Decatur, Ala., on September 29, 1922, and that plaintiff saw and knew that defendant's truck was going in the same directon as he was going and approaching him from the rear, and would soon overtake and pass him, and defendant avers that it was the known duty of said plaintiff, as soon as practicable to turn to the right so as to allow free passage to defendant's truck on the left, and defendant avers that it was practicable for plaintiff to have turned to the right at the time he knew that the truck was about to pass him, and that said plaintiff negligently failed as soon as practicable to turn to the right so as to allow free passage to defendant's truck on his left, and as a proximate consequence of the aforesaid negligence of plaintiff he was injured.

"(3) Defendant avers that plaintiff was guilty of negligence proximately causing his injury in this: Said plaintiff was proceeding westwardly in a horse-drawn conveyance, and defendant's truck was to the rear of plaintiff, and also proceeding in a westwardly direction, and said plaintiff knew that defendant's truck was approaching and overtaking him, and with such knowledge said plaintiff negligently failed, as soon as it was practicable for him to do so, to turn to the right so as to allow defendant's truck free passage on the left, and as a proximate consequence of said negligence said plaintiff was injured.

"(4) Defendant avers that plaintiff was guilty of negligence proximately causing his injury in this: Said plaintiff was proceeding westwardly in a horse-drawn conveyance, and defendant's truck was to the rear of plaintiff, and also proceeding in a westwardly direction, and said plaintiff knew that defendant's truck was approaching and overtaking him, and with such knowledge said plaintiff so negligently continued to drive his horse in a straight forward way, and as a proximate consequence of such negligence was injured."

These requested charges were refused to defendant:

"(12) If you are reasonably satisfied from the evidence that plaintiff knew that defend-

ant's truck was approaching him from the rear and overtaking him, then I charge you that it was his duty as soon as practicable to turn to the right so as to allow free passage to defendant's truck on the left."

"(14) I charge you, if you believe from the evidence that both plaintiff and defendant's truck were traveling in the same direction along the same street, and that defendant's truck was driven at a faster rate of speed than plaintiff, and that plaintiff saw and knew that defendant's truck was approaching him from the rear, and would soon overtake him, then, I charge you, that it was the duty of the plaintiff, as soon as practicable, to turn to the right so as to allow free passage to the defendant's truck on the left, and if you believe that plaintiff negligently failed to turn to the right, and as a proximate consequence thereof the collision occured, then I charge you that the plaintiff was guilty of negligence which would defeat his recovery in this case.

"(15) I charge you, if you believe from the evidence that both plaintiff and defendant's conveyances were proceeding westwardly along the same street and defendant's truck was in the rear of plaintiff's conveyance, and plaintiff knew that defendant's truck was approaching and overtaking him, and with such knowledge plaintiff negligently failed, as soon as practicable, to turn to the right, so as to allow free passage to defendant's truck on the left of plaintiff, said plaintiff was guilty of negligence.

"(16) I charge you, gentlemen of the jury, that it was plaintiff's duty in this case to pull to the right so as to allow free passage to the defendant's truck on the left of him."

Tillman, Bradley & Baldwin, of Birmingham, and Eyster & Eyster, of Albany, for appellant.

The failure of the plaintiff to turn out of the road amounted to an act of negligence, which ought to defeat his recovery. Acts 1911, p. 642, § 20; Crescent Motor Co. v. Stone, 208 Ala. 137, 94 South. 81; Morrison v. Clark, 196 Ala. 670, 72 South. 305; 29 Cyc. 516; Gov. St. Lbr. Co. v. Ollinger, 18 Ala. App. 518, 94 South. 180. Defendant should have been permitted to show plaintiff was an opium habitué, in order to proceed further and show mental impairment by such use. Eldridge v. State, 27 Fla. 162, 9 South. 448; State v. Gleim, 17 Mont. 17, 41 Pac. 998, 31 L. R. A. 294, 52 Am. St. Rep. 663.

S. A. Lynne, of Decatur, for appellee.

It was the duty of the defendant's driver to exercise reasonable care to avoid injury to others lawfully using the same highway. Overton v. Bush, 2 Ala. App. 623, 56 South. 852. The mere fact that plaintiff pursued a straight course in the road did not constitute contributory negligence. Berry on Automobiles, §§ 835, 839; Wollaston v. Park, 47 Pa. Super. Ct. 90; Morrison v. Clark, 196 Ala. 670, 72 South. 305. If the truck driver had not room to pass plaintiff, it was his duty to stop. Savoy v. McLeod, 111 Me. 234, 88 Atl. 721, 48 L. R. A. (N. S.) 973. There was no error in sustaining objections to questions seeking to show plaintiff used opium. Eldridge v. State, 27 Fla. 162, 9 South. 449; State v. King, 88 Minn. 175, 92 N. W. 965.

ANDERSON, C. J. [1] This case was submitted to the jury on count 1 of the complaint. There was no error in sustaining the plaintiff's demurrer to defendant's special pleas 2, 3, and 4. If not otherwise bad, they fail to aver or show, except perhaps by way of conclusion, that there was any necessity for the plaintiff to have borne to the right in order for the defendant's motor truck to pass. From aught appearing, the plaintiff was already on the right of the road, or if in or near the center there was ample space for the defendant's truck to pass. .

[2] Act 1911, p. 642, § 20, provides that—

"Any person so operating a motor vehicle shall, on overtaking any such horse, draft animal or other vehicle pass on the left side thereof and the rider or driver of such horse, draft animal or other vehicle shall, as soon as practicable, turn to the right so as to allow free passage on the left."

This, of course, only requires the rider or driver to give the approaching motor vehicle ample room to pass and to bear to the right only when it is necessary for the approaching motor vehicle to pass. We do not mean to hold, however, that, if the driver or rider failed to turn to the right when necessary, this would under any and all circumstances justify the approaching motor vehicle operator in running into him.

[3] The trial court committed no reversible error in permitting Dr. Greer to testify as to the nature and character of the plaintiff's injuries when he examined him, as the plaintiff subsequently connected the examination with the injury by testifying that he went to the said doctor the day following the injury; and as to intervening circumstances, and as to whether or not the injuries as examined by the doctor were produced by the collision, was a question for the jury.

[4, 5] The use of opium cannot be introduced to impair the credit of a witness unless it be shown that he was under the influence of the drug at the time of testifying or at the time of the occurrence of the event to which he is testifying, or that his mind was generally impaired by the use of said drug. State v. Gleim, 17 Mont. 17, 41 Pac. 998, 31 L. R. A. 294, 52 Am. St. Rep. 663; Eldridge v. State, 27 Fla. 162, 9 South. 449. The question to Dr. Greer, as to whether or not plaintiff had not for many years prior to the injury and subsequent thereto been an "opium habitué," did not show that he was under the influence of the drug at the time of the injury or at the time of testify-

ing. Nor did it show that the habit was so excessive as to have impaired the memory of the plaintiff. True, it was essential to prove the habitual use of opium as a predicate to establish the extent of same, but in order to put the trial court in error the question should have been followed up by a statement or assurance that defendant expected to show that the habit was so excessive as to impair the memory of the plaintiff.

[6] There was no error in permitting the plaintiff to testify that he did not know the truck was behind him.

[7] There was no error in permitting the witness Rogers, in rebuttal, to testify as to the condition of the wagon when he saw it shortly after the collision. There was a sharp conflict between the testimony of the plaintiff and defendant's agent, Shelton, as to how the wagon was struck, the injury to the wheels, and whether or not plaintiff was thrown or fell out of the wagon at the time, and the condition of the wagon was a circumstance tending to corroborate one and contradict the other.

[8, 9] There was no error in refusing defendant's requested charges 12, 14, 15, 16, and 9. If not otherwise faulty, they invoke negligence on the part of the plaintiff that was not pleaded. Moreover, charge 9 was substantially covered by defendant's given charge 8.

[10] We are not prepared to say that the trial court erred in refusing the motion for a new trial. There was ample evidence tending to show that the collision resulted from the negligence of defendant's agent, Shelton. Indeed, his own evidence shows that plaintiff's wagon was far enough to the right to give him ample space to pass, and that the collision would not have occurred but for the fact that he selected the particular time to do so when an approaching vehicle got opposite the plaintiff's wagon and sought to go between the two. True, there was a sharp conflict between the witnesses as to whether or not the plaintiff was knocked off and injured as he claimed or the collision was slight and inflicted no hurt or injury to him. The jury, however, saw and heard the witnesses and we cannot say that their finding as to this issue was so contrary to the great weight of the evidence as to put the trial court in error for refusing a new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.