(104 So. 406)

## DONALDSON v. FOREMAN. (4 Div. 201.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

**1. Master and servant &#8258;302(1)—Not responsible for acts or omissions of employee outside scope of employment.**

A principal or master is not responsible for acts or omissions of agent or servant not within line and scope of authority or employment.

**2. Pleading &#8258;20—Each alternative allegation of disjunctive complaint must be sufficient.**

Where complaint sets out grounds of recovery in the disjunctive, each alternative allegation must be sufficient of itself.

**3. Appeal and error &#8258;242(3)—Errors predicated on rulings on demurrer, which were not shown to have been insisted upon, not considered.**

Errors predicated on rulings of lower court on demurrer will not be considered, where record certified on return to certiorari shows that

they were not insisted upon, and does not show that rulings of court were directed thereto.

**4. Evidence ⬡➡217—Testimony of subsequent promise of defendant to pay for repairs of plaintiff's car inadmissible.**

In action against father for damages in collision with his car, driven by his son, testimony that defendant promised plaintiff, in a conversation subsequent to accident, to pay for repairing plaintiff's car, *held* inadmissible as tending to impute blame to defendant for acts of the son driving the car.

**5. Damages ⬡➡174(1)—That plaintiff had paid for "damages" to his car in collision properly admitted.**

In action for damages to automobile by collision that plaintiff had paid for repairs to his own car was properly admitted, being merely a step in proving reasonable and necessary expense in restoring car to its former condition; "damages" meaning in the context the repair bill.

**6. Damages ⬡➡174(1)—Expert witness could testify as to whether car could be put in as good condition after wreck as it was before.**

Testimony of expert in matter of automobiles and their repair, as to whether it was possible, in his judgment, to put car in as good condition after wreck as it was before, was relevant on question of value of car before and after collision.

**7. Highways ⬡➡184(3) — Affirmative charge properly refused on conflicting testimony.**

Where, in collision of two cars while approaching each other, testimony was in conflict as to liability, affirmative charge was properly denied, case not being that of a car attempting to pass another from the rear, and therefore Acts 1911, p. 642, § 20, did not apply.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action for damages by H. C. Foreman against Kinney Donaldson. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

E. O. Baldwin, of Andalusia, for appellant.

The principal is not responsible for the acts of his agent, unless committed in the line and scope of employment. Morrison v. Clark, 196 Ala. 670, 72 So. 305. Defendant was entitled to the affirmative charge. Acts 1911, p. 642, § 20; Standard Oil Co. v. Carter, 210 Ala. 572, 98 So. 575.

A. Whaley, of Andalusia, for appellee.

Counsel discuss the questions raised, but without citing authorities.

THOMAS, J. The suit was for damages to an automobile, sustained in a collision with another automobile. The pleadings were in short by consent.

The demurrer to the complaint challenged its sufficiency on the grounds that it was not averred that the agent or employee of defendant, having charge or control of said car, was acting within the line and scope of his employment, that the grounds of recovery are disjunctively averred, and that each alternative averment is not sufficient to support a recovery on the facts averred as showing actionable negligence.

[1] It is settled law that the principal is not responsible in damages for the acts or omissions of him who is his agent, servant, or employee, unless at the 'time of the injury such person was acting within the line and scope of his employment by the defendant. Morrison v. Clark, 196 Ala. 670, 673, 72 So. 305; Alabama Power Co. v. Conine, 207 Ala. 436, 93 So. 22; Alabama Power Co. v. Stogner, 208 Ala. 666, 669, 95 So. 151. And it is required that the proof must also support this necessary averment to sustain a verdict predicated on such agency. Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16. .

[2] It is also required, as a necessity of good pleading, that, where a complaint sets out the grounds of recovery in the disjunctive, each alternative allegation must be sufficient. National Park Bank v. L. & N. R. R. Co., 199 Ala. 192, 74 So. 69. In this last respect it is averred, in the second count, that—

"Defendant, or his agent, servant, or employee, while in charge of and operating the automobile of defendant over, along, and about the public highways, * * * did wantonly or willfully run, or so operate, said automobile that said automobile ran against, hit, or struck the automobile of the plaintiff."

The alternative averment, "or struck the automobile of the plaintiff," must be taken in its context so as to refer to the averment of wantonly or willfully running or operating, etc. It was not subject to the demurrer that both alternative averments did not state a cause of action.

[3] The questions, sought to be presented by assignments of error predicated on rulings of the lower court on demurrer, are emasculated by the record certified upon return to certiorari. There it is shown the demurrers were not insisted upon; and it is not shown that rulings of the court were directed thereto.

[4] The evidence shows, that defendant Donaldson was not present at the collision. In response to the question, "Go ahead and tell the jury just your recollections, the substance of what was said," referring to the subsequent conversation between plaintiff and defendant, plaintiff's witness Clark answered, "I remember Mr. Donaldson agreeing to have something done to repairing Mr. Foreman's car." The defendant had objected, and he then moved to exclude on the ground that the evidence called for was illegal, irrelevant, incompetent, and immaterial. In overruling

⬡➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the objection to the foregoing question and the motion to exclude the answer, the court committed error. It tended to impute blame to defendant for the acts of his son driving his car.

[5] The lower court committed no error in permitting it to be shown that Foreman paid for the repair of the damages to his own car —the word "damages" meaning in the context the repair bill. It was merely one step in proving the reasonable and necessary expense in restoring the car to its former condition. Burton & Sons Co. v. May (Ala. Sup.) 103 So. 46;[1] Hill Gro. Co. v. Caldwell, 211 Ala. 34, 99 So. 354; Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837; Southern Ry. Co. v. Reeder, 152 Ala. 227, 44 So. 699, 126 Am. St. Rep. 23.

[6] The witness Watson had qualified as an expert in the matter of automobiles and the repair thereof, and was prepared to answer "whether or not in your [his] judgment, if it was possible to put that car in as good condition after the wreck as it was before." Hill Gro. Co. v. Caldwell, supra. This was relevant on the question of value before and after the injury. Mobile L. & R. Co. v. Gadik, supra.

[7] The testimony was in conflict as to liability vel non. The instant facts show a case of two cars meeting while approaching each other, and not a case of a car attempting to pass another from the rear. Morrison v. Clark, 196 Ala. 670, 72 So. 305; Standard Oil Co. v. Carter, 210 Ala. 572, 98 So. 575. Hence section 20, p. 642, of Acts 1911, did not apply. The affirmative charge was properly refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

