## BOHANNON vs. CHAPMAN, ADM'R.

1. Where the cause of action accrues in this State, six years' *adverse possession* of a chattel within its jurisdiction, by some one, against whom suit can at any time be brought, is necessary to bar an action of detinue for its recovery.

2. An error that does not operate to the injury of the party complaining furnishes no ground for reversing the judgment.

Error to the Circuit Court of Montgomery.  Tried before the Hon. Samuel Chapman.

This was an action of detinue, instituted on the 31st December 1844, by the defendant in error, as the administrator of Susan R. Clough, deceased, against the plaintiff in error, to recover a certain slave named in the pleadings.  The declaration contains two counts.  The first is on a bailment, and alleges the delivery of the slave by the plaintiff's intestate, in her life-time, to the defendant, the refusal to re-deliver to said intestate before her death, or to the plaintiff as her administrator since, and the unjust detention of the slave from the latter.  The second count avers the loss of the slave by the plaintiff's intestate, in her lifetime, the finding by the defendant, the refusal to deliver on request, either to the intestate or her administrator, and the unjust detention of the slave from the administrator.  The defendant relied on the pleas of non detinet and the statute of limitations of six years.  The facts disclosed by the evidence, introduced by the plaintiff on the trial, are as follows:  The slave in controversy was the property of one Mallett, at the time of his death, and soon after went into the possession of the plaintiff's intestate, who was a daughter of the said Mallett, as a part of her distributive share of her father's estate.  About the 1st of February 1836, Randolph Mallett, a brother of the plaintiff's intestate, and who resided in Mississippi, went to the house of the said intestate in Macon county, during her absence from home, and took the slave off with him to the State of Mississippi, where the slave remained until the latter part of the year 1838, or the first of 1839.  Randolph Mallett having died in Mississippi in 1838, his administrator, Baker Mallett, took the slave into his possession and retained him until the period last named, when he sent him by his brother, Isaac N. Mallett, to this State, to be sold as the property of Randolph Mallett's estate.  He was sold at public aution, and purchased by Isaac N. Mallett, who retained possession of him in this State from that time until the fall of 1840, when he sold him to Young F. Bohannon.  The slave remained in this State as the property of Young F. Bohannon until January 1843, when the said Bohannon removed to Texas, taking the slave with him.  In the summer or fall of 1843, said Bohannon died, and in December of the same year,

45

the slave was brought back to this State and has since been in the possession of the defendant, who has during the whole time been a resident citizen of Alabama. The defendant demurred to the evidence, and the plaintiff joined therein—whereupon the court rendered judgment for the plointiff; and this is now assigned as error.

J. P. SAFFOLD, for the plaintiff in error.

SEMPLE, for the defendant.

DARGAN, C. J.—When this cause was here at a previous term, we held that a plaintiff in an action of detinue had six years, within which he might sue in the courts of this State, where the cause of action accrued here, and that the time the defendant was absent from the State, whilst the statute of limitations was running, must be deducted in computing the time necessary to form the bar.—Bohannon v. Chapman, 13 Ala. 641. That the defendant herself has always resided in the State affords her no protection, for in ascertaining the time, during which suit could have been brought, we must deduct the time, that those, through whom she claims, have been absent from the State and could not be sued. There must be an adverse possession of a chattel for six years within this State, in order to give a title by the statute of limitations. (Thus, if A. converts a chattel of B. and removes without the State, and afterwards returns and sells it to C., when C. is sued, he can add to his own possession only the time that A. held it adversely in this State, deducting the time he was absent.) Applying this rule to the evidence, to which the defendant demurred, it is clear that the bar was not complete when the suit was brought. The cause of action accrued first against Randolph Mallett, who took the slave from the possession of the plaintiff's intestate in February 1836. He, however, went directly to Mississippi, carrying the slave with him, and has never since returned to this State.— About the first of November 1838, as we infer from the evidence, Isaac N. Mallett brought the slave back to Alabama and had him in possession, until the fall of 1840, when he sold him to Young F. Bohannon. In January 1843, Bohannon, through whom the defendant claims title, went to Texas, carrying the

slave with him, and there died in June of the same year, and the slave returned to Alabama in December 1843, and went into the possession of the defendant.    The suit was commenced on the 31st of December 1844.    Now if we allow a month from the time Randolph Mallett took the slave until he reached Mississippi, and add it to the time when Isaac N. Mallett returned with the slave in the fall of 1838, and then deduct the time that Bohannon was absent from the State until his death, we will find the time, during which Randolph Mallett, Isaac N. Mallett, Bohannon, and the defendant have had the adverse possession of the slave in this State is less than five years and ten months. There had not been an adverse possession of the slave for six years, deducting the time the parties in possession were absent from the State.    It is true, that this construction of the statute may in some cases enable a plaintiff to recover of the vendee, when the action would be barred against the original wrongdoer.    Thus, if A. convert the chattel of B. and retain the adverse possession for five years, and then sell it to C., and C. should leave the State, A. remaining in it, C. may be sued after he returns, although the remedy against A. might be barred. It must be borne in mind that the owner had one year from the time of the purchase of C., within which to commence suit against him, and C.'s leaving the State cannot deprive him of this right, but the time of the absence of C. from the State must be deducted; otherwise we should hold that the time, during which some defendants may be absent from the State, is not to be deducted in computing the bar.    This it appears to me would be contrary both to the letter and intention of the act.— Clay's Dig. 327, §84.    We think the court correctly rendered judgment on the evidence in favor of the plaintiff.    This view also shows that the court did not err in overruling the demurrer to the plaintiffs replications to the third and fifth pleas.

But it is insisted that the court ought to have visited the demurrer to the replication to the sixth plea back upon the first count in the declaration, as this count was defective.    We do not think it necessary to examine the sufficiency of the first count, for if it were admitted that the court should have sustained the demurrer as to this count, yet the second count is clearly good, and the evidence fully sustains it.    The judgment would, therefore, have been the same, had the court held

the first count insufficient. If this was an error it did not injure the defendant, nor in the slightest degree affect the judgment that was rendered.

Let the judgment be affirmed.