(124 So. 300)

## BROWN v. BUSH. (6 Div. 415.)

Supreme Court of Alabama. Oct. 24, 1929.

Frank S. White, Jr., and Harsh & Harsh, all of Birmingham, for appellant.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellee.

THOMAS, J. This was an action on the case for simple negligence in the operation of an automobile in the municipality.

The wanton count was withdrawn; pleadings are in short by consent; judgment was for plaintiff; and the motion for a new trial was overruled.

We need not consider the rulings on demurrer to the count for wanton negligence, since that count was withdrawn. Morrison v. Clark, 196 Ala. 670, 72 So. 305; Bohannon v. Chapman, Adm'r, 17 Ala. 696. And the first count as amended sufficiently stated a cause of action (Ruffin Co. v. Rich, 214 Ala. 633, 108 So. 596; Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Peck v. Henderson, 218 Ala. 233, 118 So. 262), as the modifying word "negligently" is by the context attributed to the words following. "caused," "allowed," or "permitted" said automobile to run upon, over, or against the automobile of plaintiff. This does not violate the rule of construction that the complaint be construed most strongly against the pleader.

The evidence made a jury question, and affirmative instruction requested was properly refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There were adverse and reasonable inferences that may be drawn from the evidence as to the speed at which defendant's car proceeded immediately before and at the time of collision; the point and manner of defendant's progress or turn, if such was his action; his effort to get around a line of cars, if such there were; the distance at which defendant saw plaintiff's car as it approached, and what he did thereafter to prevent collision, and the manner of the respective approaches; the condition of the highway—as to the presence thereon of other vehicles and obstructions, and whether these vehicles were moving or stopped—and the physical condition of the respective sides or drives of said highway. These material facts and reasonable inferences therefrom were for the jury in passing upon the respective duties of the parties under the issues made by the pleadings.

The rights of all persons lawfully using a public highway are mutual. It is the duty of such traveler to operate a motor vehicle being driven thereon, with reasonable care and caution. Shafer v. Myers, 215 Ala. 678, 112 So. 230; Ruffin Co. v. Rich, supra. See Echols v. Vinson, post, p. 229, 124 So. 510, as to right of way under General Acts 1927, p. 348.

There was no error in refusing defendant's charge No. 8. It is not the rule of the road under all circumstances. A split street, indicated by barrier or line of demarcation or by two driveways, for practical purposes may be treated as separate highways. It is required of persons driving or riding on such street that they shall, when practicable, use the right-hand side thereof, as they proceed. This, however, is a duty that may be modified or changed by the immediate condition, use, or obstructions in or on such highway. That is, subject to the rule that one using a highway must exercise reasonable care for others thereon, he is free to travel on any portion of the highway which he chooses, having due regard for the safety of others.

Karpeles v. City Ice Delivery, 198 Ala. 449, 73 So. 642; Morrison v. Clark, 196 Ala. 670, 675, 72 So. 305; Culverhouse v. Gammill, 217 Ala. 137, 115 So. 105. Said charge sought to invade the province of the jury.

We are of opinion that reversible error intervened in the admission of the evidence indicated by the following recitals. It is stated in the bill of exceptions that:

"* * * It is thirty feet across that little passageway between the two roadways of Bush Boulevard. It is the same width of this little place, or probably more. In my best judgment it is twenty five or thirty feet. * * * This part (indicating on diagram) was paved. It was the same kind of paving as the roadways were. There was no obstruction in that passageway. It was not plowed up and there were no road implements in it.

"Thereupon defendant's counsel asked the witness the following question:

"Do you know how the people up to that time, and after that time, usually went in going from Ensley—I mean, from Birmingham, to Ensley—whether they went from that point down on the right hand side going to Ensley, or the other side?

"Plaintiff objected to the question on the grounds it called for immaterial, irrelevant, incompetent and illegal evidence, as to what people usually did. The Court sustained the objection; to which ruling of the Court defendant then and there duly and legally excepted.

"Thereupon the witness testified further as follows:

"This was the way provided to go. It was paved to this intersection, and under construction on over to the Tidewater car line on Bush Hills. It was paved to this intersection. These cars when I saw them were closer to Ensley than the first intersection here. They were at the intersection next below this one towards Ensley. They were opposite this intersection, the one closest to Ensley, to the west of this intersection. That is, to the right of this intersection going towards Birmingham."

The foregoing question was competent and material, and tended to inform the jury whether or not the respective driveways were used as separate highways, or whether the right and left sides of that boulevard were to be · determined by the lateral intervening space or by the special physical condition and use at or immediately preceding the time of the collision. Plaintiff had, by a tendency of his evidence, contended that it was impracticable to use the other side or driveway of the street at or near the point of collision. It was therefore material for defendant to show that others or the traveling public at the time were in fact using the said side of the thoroughfare, at or near the point of collision, as a separate street or highway. It was a proper test of whether it was practicable under like conditions for the general public to use that way or side of the street as parties were using it at the time of the collision, as illustrating what was the right or left side thereof. Karpeles v. City Ice Delivery Co., 198 Ala. 457, 458, 70 So. 642; Whatley v. Nesbitt, 204 Ala. 334, 85 So. 550; Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 129, 112 So. 638. Mrs. Ware had testified that the other side—the boulevard—was finished, but not then in use; and was later permitted to answer plaintiff's question: "Tell the jury where the cars went to get by the traffic going to and from Birmingham and Ensley." Plaintiff's driver also testified that automobiles from Birmingham to Ensley came down and crossed at the wide intersection; and McCorstin testified the same was a "one-way street." Therefore, the defendant should have been permitted, by the witness McCorstin, to indicate to the jury that at or about that time and place other cars were crossing and using said side of said boulevard as a one-way street, and in the way it was being used when the collision occurred. The reasonable appearance and proper use of the street under the evidence was for the jury. In this ruling and exclusion of defendant's evidence of the use or custom up to the time of the collision, as to the way for going between Birmingham and Ensley along said two-way boulevard, there was reversible error.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.