FRANK H. CLAYPOOLE, PLAINTIFF-RESPONDENT, v. MOTOR FINANCE CORPORATION ET AL., DEFENDANTS-APPELLANTS.

---

PEARL CLAYPOOLE, PLAINTIFF-RESPONDENT, v. MOTOR FINANCE CORPORATION ET AL., DEFENDANTS-APPELLANTS.

Submitted May 31st, 1940—Decided October 10, 1940.

---

For the defendants-appellants, *Robert Peacock*.

For the plaintiffs-respondents, *James Mercer Davis*.

Per Curiam.

These are appeals from judgments of the Supreme Court in favor of the plaintiffs, entered upon verdicts of a jury after a trial at the Burlington Circuit. The suits arose out of an automobile accident on route 25 near New Brunswick. Plain-

tiffs, Frank L. Claypoole and Pearl, his wife, were riding in an automobile, owned and driven by the husband, in the direction of Trenton. The car driven by the defendant Robbins and owned by the defendant Motor Finance Corporation was proceeding in the opposite direction. The road at the point in question is a four-lane highway. Each car was traveling in the lane on its side nearer the center line of the road. They came into collision, each driver contending that the other had crossed the center line of the road. Defendants' version was that plaintiff's car struck a paint barrel placed on the road in connection with some painting being done by State Highway Department employes and was thus forced to the wrong side of the road. Plaintiff denied striking a barrel and testified that the defendants' car, in attempting to pass a truck, came over to the wrong side of the road and caused the collision.

There is a notice of appeal in each case and they contain grounds of appeal. Appellants have also filed "reasons" which seem to be relied upon as grounds of appeal.

Reasons 1 and 2 are to the effect that the verdicts were contrary to the weight of the evidence and were excessive. These grounds bring up no legal questions which are cognizable in this court on appeal. *Ratz* v. *Hillside Bus Owners' Association,* 103 *N. J. L.* 502.

Reason 3 is that the court admitted illegal testimony over objection of defendants. However, the questions and answers complained of are not set out at length. Grounds of appeal which merely allege error generally in the admission or rejection of evidence will not be considered. *Burgess* v. *Noleboon,* 100 *N. J. L.* 116.

Reason 4 is that the court allowed the plaintiffs to re-open their case after closing and after a motion had been made by counsel for the defendants. This was a matter resting within the sound discretion of the trial judge and we see no abuse of that discretion.

Reasons 5 and 6 are to the effect that it was error to refuse a motion for nonsuit and a motion for the direction of a verdict. A reading of the record persuades us that there was a dispute of fact in the evidence as to the manner of the

happening of the accident which required submission of the case to the jury. Each side produced evidence from which it could be found that the driver of the other car had crossed the center line of the road and caused the accident. This was a disputed question which the court could not properly deal with upon motions of this kind.

Reason 7 complains of the refusal of the trial court to charge sixteen requests to charge submitted by the defendants. Only seven of these are argued in the brief, and these are:

Request 2. "If you find, as testified to by witnesses for the defendant that Claypoole operated his car on the left-hand side of the road; that he hit a barrel, that caused his car to sheer to the left and hit Robbins' car; that he was to the left of the center line when the contact occurred, Claypoole cannot recover, and is guilty of negligence." We think the court sufficiently covered this phase of the case when he charged that it was the duty of the drivers to stay on their own half of the road, saying that there may be some circumstances which would permit driving on the other side "but there is nothing of that nature here."

Requests 6 and 7 were "Define negligence" and "Define contributory negligence." It is true that the court gave no abstract definitions of negligence and contributory negligence. What he said in his charge about remaining on the right-hand side of a four-lane highway, in the circumstances of this case was a statement of the duty of the parties, the failure to perform which would be negligence or contributory negligence, and sufficient definition for the purposes of this case. However, these requests were insufficient in law. It is the duty of counsel to put the legal proposition he wishes charged into words and submit it. A mere request that something be defined is not enough. *Ceccomancino* v. *D'Onofrio,* 111 *N. J. L.* 494.

Request 13 was "Claypoole admits he was in the left lane of the road. It was Claypoole's duty to drive in the right lane, except to pass a car and there is no evidence that he was passing a car as he said there were no cars ahead of him. If he drove in left lane he is guilty of negligence and cannot recover." It is not negligence *per se* to drive in the second

lane from the right on a four-lane highway. Furthermore, Claypoole testified he was approaching a side road and kept in the lane nearer the center in order to be able to avoid any car that might come out of this road. The jury might consider this a sufficient explanation of his position on the road.

Request 14 was "If Claypoole struck a barrel, which was the proximate cause of the accident he cannot recover as there was no negligence on the part of Robbins." This is not so. Claypoole might have struck a barrel and still remained on his side of the road and been struck there by reason of Robbins' car crossing the center line. Under the evidence, the negligence of both parties was a question of fact for the jury.

Request 15 was "If Claypoole was to the left of center line he is negligent and cannot recover." What has been said above as to the second request to charge applies to this. The subject was adequately covered.

Request 16 was "If Claypoole was driving fast and was exceeding the speed limit he is guilty of negligence and cannot recover." Speeding in itself is not always actionable negligence. It must be the proximate or a contributing cause of the accident. As we read the testimony, speed was not an issue, but rather the issue concerned which driver crossed the center line to the wrong side of the road.

A narrow factual question was presented in this case and we see nothing in the rulings of the trial court brought up that amounted to harmful error.

The judgments are affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.