YARRUT, Judge.
These two cases were consolidated for trial, and result from a highway collision between two automobiles, one driven by Defendant-Bonck, and the other by Ronald F. Carr, not made a defendant. The respective Plaintiffs (Poe and Rodriguez) were guests in Carr’s automobile when it collided with Bonck’s automobile.
The Defendant-Insurance Companies are the respective liability insurers of Bonck and Carr.
In Case No. 1063, there was judgment in favor of Plaintiff-Poe and against Defendants, jointly and in solido, for $8,687.95, less $1,000.00 for medical expenses previously paid by Defendant-Travelers Insurance Company; and in Case No. 1064, judgment in favor of Plaintiff-Rodriguez and against Defendants, jointly and in solido, for $6,881.00. The liability of both insurers was limited to the maximum fixed in their insurance contracts.
From this judgment Defendants have appealed. Both Plaintiffs likewise appealed, seeking an increase in their respective awards.
The unquestioned facts developed by the testimony are that late in January 1960, about 6 P.M., the collision between the two automobiles of Bonck and Carr took place on Airline Highway, about five miles above Kenner, La. The highway runs in a general northerly and southerly direction *521 and, at the point of collision, has two concrete roadways (each with two lanes) separated by a grass-covered neutral ground, six feet wide. Carr’s vehicle was proceeding northerly on the inside lane of the highway, in the direction of Baton Rouge. Bonck was driving his car on the inside lane of traffic proceeding southerly toward New Orleans; while Williams was driving his car in the outside lane, also proceeding toward New Orleans. A collision occurred between the Bonck and Williams vehicles. The Williams vehicle veered to the right and came to rest in the swamp some 50 feet from the highway, and Williams was killed. The Bonck vehicle veered to the left across the neutral ground, at about a 45-degree angle, and collided with Carr’s automobile, resulting in personal injuries to both his guests (Plaintiffs),
The trial judge, in his reasons for judgment, held both Bonck and Carr guilty of negligence, Bonck because he and Williams were racing and overtook each other three times just before their cars collided; and Carr, because he failed to reduce his speed of 60 miles an hour (the legal limit) when he first observed, 1000 feet away, the Bonck car throwing up mud or dust; that, had he done so, he could have avoided collision with Bonck’s car as it crossed the neutral ground into his lane.
We agree that Bonck and Williams were guilty of negligent driving in repeatedly attempting to overtake each other, resulting in Bonck’s sudden swerve across the neutral ground strip into the path of Carr’s automobile.
We cannot agree that Carr was guilty of any primary or contributory negligence resulting in the collision.
The pertinent facts we find as establishing Bonck’s negligence, and absolving Carr from any primary or contributory negligence, in not being able to avoid the collision in the sudden emergency created solely by Bonck, are:
Bonck and Williams passed each other three times before the accident, travelling about 60 miles an hour. After Bonck passed the Williams car the last time, he stayed in the inside lane to pass another vehicle travelling in the outside lane. When 50 to 75 feet to the rear of this automobile, the Williams vehicle approached on his right side and made a sharp turn left, striking Bonck’s right front fender and causing Bonck’s vehicle to veer to the left. Bonck described the impact between his and Williams’ vehicle as sufficiently hard for him not to remember what happened thereafter; that, prior to the collision with Williams, he had no contact with the neutral ground, and that his car was under control until the collision with Williams.
Plaintiff-Poe, riding on the front seat, testified he was “dozing” at the time of the collision, but had looked at Carr’s speedometer about two miles before the collision, and observed Carr was going “about sixty,” and that Carr appeared to be operating his automobile in a prudent manner.
Plaintiff-Rodriguez, also riding on the front seat, estimated Carr’s speed at a minimum of 50, and a maximum of 70, miles an hour, but “really didn’t know.” While observing New Orleans-bound traffic, he saw two cars travelling abreast collide. The car in the inside lane suddenly crossed the neutral ground and struck the Carr vehicle.
Joe Turner, the only independent witness, called by Defendant-Travelers Insurance Company, testified he was travelling to New Orleans from Osyka, Mississippi, and had entered the Airline Highway at La-Place, La.; that the day was “dusk dark” and the general traffic had headlights on, but not the Bonck and Williams automobiles ; that he had passed six to eight automobiles, had returned to the right-hand lane at 60 to 65 miles per hour, when Williams’ car “went right past me,” and cut back into the right-hand lane; that Bonck then passed in the same fashion, as Williams was overtaking Bonck. When both Williams and *522 Bonck were 75 to 100 yards ahead of him they collided, resulting in the Bonck car turning left and crossing the neutral ground at a 45-degree angle. He saw the headlights of the Carr vehicle approaching “not over five seconds” before the impact; that Carr later told him he was going around 55 miles per hour at the time of impact. He stated Williams passed him “pretty fast,” without slowing down, and that Bonck veered sharply to the left after the collision with Williams, but could not say whether Bonck slowed down before striking the Carr vehicle. When asked if Carr slowed down before the collision, Turner answered that Carr did not have time to slow down.
Turner further testified he got the impression that Bonck and Williams each, in turn, was trying to overtake the other.
Carr testified he was driving on the inside lane at 55 to 60 miles per hour; that his attention was directed to the Bonck and Williams automobiles in the other roadway when 1000 feet away by mud flying from the car on the inside lane; that, after the mud flew up, the Bonck car continued in its own left lane, and veered left toward him only when it was 75 to. 100 feet away; that he attempted to avoid contact by cutting his wheel to his left. He admitted that, when he first observed the mud fly, he assumed something was wrong, but there was no indication that the Bonck car was out of control, as it continued in its own lane until it suddenly veered to the left across the neutral 'ground.
We agree with the District Court that the cause of Bonck’s “jumping” the 6-foot neutral ground into the path of the oncoming Carr automobile resulted from the concurrent negligence of Bonck and Williams in what the court concluded was a “race,” in which in three short intervals one overtook the other at more than 60 miles an hour, culminating in contact between them, and the ultimate jumping' across the neutral ground strip by Bonck.
The next question is whether Carr was guilty of any negligence contributing to the collision. Plaintiffs contend Carr was guilty of negligence in:
1. Travelling in the neutral ground lane in violation of LSA-R.S. 32:231;
2. Upon seeing, when 1000 feet away, that Bonck’s car was in trouble, failing to slow down and keeping his automobile under control to avoid Bonck’s striking him should Bonck cross the neutral ground.
The contention that one who drives his automobile in the left lane of a highway is a violation of LSA-R.S. 32:231 and, therefore, negligent per se, applies only to a single highway with two opposing lanes, not to multiple-lane highways, especially when divided by a neutral ground. Champagne v. Employers Liability Assurance Corp., La.App., 112 So.2d 118; Cush v. Griffin, La.App., 95 So.2d 860; Mooney v. American Auto Insurance Co., La.App., 81 So.2d 625.
It seems plain to us that Carr would have had to be a mindreader to determine that Bonck would cross the neutral ground, if at all, and at what point. Had he reduced his speed, such reduction could well have coincided with the point of crossing. Further, had he not been in the neutral ground lane, but in the right-hand lane, he would have been struck just the same. The emergency was not created by Carr, and his inability to avoid it cannot be attributed to him.
We must disagree with the finding of the District Court, and hold that Travelers Insurance Company, as insurer of Carr, is not liable herein, as Carr is chargeable with no negligence in the collision of his automobile with Bonck’s and, under the circumstances, was not responsible for his inability to avert the collision in the emergency he did not create. Myers v. Landry, La.App., 50 So.2d 318; Aultman v. Union City Transfer, La.App., 172 So. 455.
Regarding quantum, we agree with the District Court’s analysis and findings and adopt them verbatim, viz:
*523 “Poe suffered severe crushing injuries to nose and left side of the face, necessitating surgical treatment at least twice. From these injuries there arises residual pain and loss of sensation to lip and cheek, together with a pronounced disfigurement of face.
“Right knee severely lacerated with speculative opinion as to permanent disability resulting therefrom.
“Hospitalized for a considerable period with firm opinion of severe pain and suffering.
“Medical expenses of $1337.95 with a prayer for additional $1200.00 for two future operations.
“Tuition of $350.00 for Dental School term paid for but not attended.
“Damages to head, together with all pain and suffering appear to lie nearer the allowance in Neely v. Cotton Baking Co. [La.App.], 106 So.2d 811, rather than the grant in Cush v. Griffin [La.App.], 95 So.2d 860. The knee injury does not appear to have any residuals established with that degree of certainty required except the rather extensive scarring. The Court is of the opinion that Seven Thousand Dollars ($7000.00) for these injuries is adequate.
“The collateral source doctrine applies and the adult son may recover medical and other expenses paid for by third-parties. However, as to medical expenses the amount paid by defendant, Travelers Insurance Company, as per stipulation is a set-off. Gunter v. Lord (S.C.) [242 La. 943], 140 So.2d 11. And, since the future operations will be to correct the disfigurement and recovery was had for permanent disfigurement the future medical expense is denied. Wilson v. [Yellow] Cab Co. [La.App.], 64 So.2d 463. Poe is awarded medical expenses of $1337.95 and tuition loss of $350.00,
“Rodriguez suffered a severely fractured left foot, four damaged teeth, minimal fracture of right forearm. Surgery on left foot and considerable hospitalization period. Severe pain and suffering.
“Medical expense claimed $1479.45 but proved expenses of $1681.00 with $700.00 paid tuition for school year not attended. Speculative evidence as . to future medical expense, but not prayed for.
“The left foot with its residual disability appears the principal item of ' damage. In conjunction with the other injuries this Court is of the opinion that Four Thousand, Five Hundred Dollars ($4500.00) is adequate compensation.
“The proven medical expense of. $1681.00 will be allowed. C.C.P. Art. i 862. As will the loss of tuition paid $700.00. The future medical work on the teeth is too speculative for consideration.”
For the above and foregoing reasons, the judgments of the District Court in favor of Plaintiff in each case are reversed as rendered against Travelers Insurance Company, which is dismissed, without liability in each case, costs in both courts to be borne equally by both Plaintiffs. The judgment in each case in favor of the respective Plaintiffs and against Robert E. Bonck and New Amsterdam Casualty Company is affirmed; Defendants to pay costs in both courts.
Judgments reversed in part, and affirmed in part.