165 So.2d 359

**MARYLAND CASUALTY COMPANY**

v.

**FIRST NATIONAL BANK OF EUFAULA.**

4 Div. 181.

Supreme Court of Alabama.

May 28, 1964.

Geo. R. Stuart, III, Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham,

and Houston & Simpson, Eufaula, for appellant.

Archie I. Grubb, Grubb & LeMaistre, Eufaula, for appellee.

SIMPSON, Justice.

The First National Bank of Eufaula filed suit against appellant claiming damages of $5,139.25, alleging the breach of a contractor's bid bond made by appellant as surety for a builder, Franklin Building Corporation. It appears that the bank through its architects advertised for bids in connection with the construction of a new bank building. Franklin Building Corporation submitted the low bid of $104,903.00, with the next lowest bid being $110,685.00. The complaint avers that after the bids were opened, the bank and Franklin entered into negotiations for the purpose of reducing the Franklin bid by deducting and modifying certain items in the proposal, and that as a result of the negotiations, the Franklin bid was reduced to $102,785.00. It was the contention of the bank that it notified Franklin of its acceptance of the reduced bid and that Franklin failed and refused to execute the actual building contract within ten days after receipt of the notice to it. The bank filed this suit against Maryland as surety on Franklin's bid bond.

Assignments of error insisted upon by appellant are concerned with the following: Its demurrers should have been sustained to the complaint on the ground that it affirmatively appears that the awards were to be made under a public invitation and that the alleged award made to Franklin was privately negotiated. Other grounds assigned were that there was no allegation in the complaint that Maryland extended the bid bond so as to cover a second transaction, and that there was no allegation to show that Maryland authorized an alteration of the initial bid. Other assignments are to the effect that the verdict was contrary to law because of the foregoing.

After trial of the case, the jury returned a verdict for the plaintiff, and judgment was

rendered for the bank. From that judgment and the judgment of the court denying its motion for a new trial Maryland has appealed.

■ Appellant's argument with respect to the above is to the effect that Maryland's liability on the bid bond sued upon terminated when the bank did not accept the initial bid, and did not extend to the ultimate, lower contract price reached by changing the plans and specifications leaving off certain items contained in them at the time the initial price was arrived at. We find ourselves in disagreement with the appellant on this issue. It is the well recognized rule that "An alteration or change in the contract or obligation must be material in order for a compensated or corporate surety to be discharged from liability thereby * * *." 72 C.J.S. Principal and Surety §§ 124, 125. Maryland Casualty Co. v. Moore, 1 Cir., 82 F.2d 189, cert. den'd 298 U.S. 666, 56 S.Ct. 749, 80 L.Ed. 1390. We believe the record (and the appellant apparently concedes) clearly indicates that the changes and modifications made in the plans and specifications were not material changes, but minor ones amounting only to some $2,000.00 in a job costing more than $100,000.00. We fail to see any way in which the surety could have been prejudiced by these minor changes. Immaterial changes in plan or specifications to which the surety fails to consent will not discharge a surety on a performance contract, much less the surety on a bid bond. See 72 C.J.S. Principal and Surety § 126.

We agree with the trial court that the changes involved were not material and therefore the appellant cannot prevail on this contention.

■ Appellant next argues that the "bid" or "offer" was never accepted in the manner prescribed by the bank and that therefore there can be no liability under the bond. We believe the evidence supports a finding that the bank and the builder reached an agreement and that all parties considered themselves bound by the contract until it developed that appellant would not guarantee performance by Franklin of the building contract and Franklin was unable to obtain another bond. We will not reverse the lower court's finding on this factual matter. Ala.Dig., Appeal & Error, ☞ 1008(1).

■ The final assignment of error relied upon is that the trial court erred in overruling defendant's objections to the personal testimony of Mr. A. B. Roberts, witness for the plaintiff, instead of admitting the deposition of this witness. It appears that Mr. Roberts was for some time prior to the trial severely ill. His deposition was taken prior to trial and it was agreed between the parties that the deposition would be used instead of his personal testimony if he remained too ill at the time of the trial. Appellant claims it has been prejudiced by the fact that after the deposition was offered and after appellant announced that it had a number of objections to several questions contained in the deposition, that plaintiff thereupon called Mr. Roberts who, though admittedly very ill, appeared and testified. The deposition was not admitted in evidence. There is no error in allowing the personal testimony of this witness. Personal testimony is always preferred to a deposition. We need only cite Title 7, § 472, Code of Alabama, which reads:

> "The deposition of a witness cannot be used if it appears at the trial that the cause for which it was taken, or some other cause, does not then exist. unless such witness is dead, or of unsound mind." (Emphasis supplied.)

See also Underwood v. Smith, 261 Ala. 181, 73 So.2d 717.

This being the view we take of the case, we do not write to appellee's motion to dismiss the appeal.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.