246 So.2d 457

**Ross E. DANIEL d/b/a Daniel Logging Company**

v.

**Peter MATTHEWS and Leon Bedsole.**

**3 Div. 27.**

Court of Civil Appeals of Alabama.

March 24, 1971.

Sanford D. Weiss, Montgomery, for appellant.

Hill, Hill, Stovall, Carter & Franco, and C. Knox McLaney, III, Montgomery, for appellees.

WRIGHT, Judge.

Suit was filed by plaintiff Ross E. Daniel, d/b/a Daniel Logging Company, against defendants Matthews and Bedsole. The damages were claimed for property loss proximately resulting from the negli-

gent and wanton conduct of defendants. From a judgment for the defendants entered by the court sitting without a jury, plaintiff appeals.

▓▓ The only error assigned is that the court erred in rendering the decree (sic) of April 14, 1970. The legal effect of such an assignment is that the evidence is insufficient to sustain the judgment or that the judgment is contrary to the evidence. We pretermit whether such an assignment of error is sufficient to require us to review· this case on appeal. The brief of appellant makes clear the basis of his appeal, and the brief of appellee fully traverses the propositions submitted therein. We therefore exercise our discretion to consider the appeal on its merits.

In order to make our decision clearly understandable we briefly set out the tendencies of the evidence.

The tractor-trailer truck of appellant was being driven along a two-lane public highway in Montgomery County, Alabama, during the daytime. The truck was heavily loaded with logs and was traveling at a speed of 50 to 60 miles per hour. As it topped a hill, the driver observed a farm tractor being driven along his lane of travel, moving in the same direction, at a speed of 10 to 20 miles per hour. When first seen by appellant's driver the tractor was one hundred to two hundred fifty yards ahead. The driver of the truck stated he blew his horn and applied his brakes but saw he was not going to be able to stop before striking the tractor. He therefore steered his vehicle to the right and into a ditch where it overturned and damaged the vehicle. There were no visible skid marks on the dry asphalt pavement.

The driver of the tractor heard the horn, looked to his rear and saw the truck bearing down upon him at 60 miles per hour. There was traffic in the oncoming lane which was stopped waiting clearance to turn left. He steered his tractor close to the center line of the highway and was in that position when appellant's truck passed to his right and ran into the ditch.

It is the argument of appellant that the conduct of appellee in the operation of his tractor constituted negligent or wanton conduct as a matter of law and was the proximate cause of appellant's damages.

The primary contention of appellant in argument was that appellee, when observing appellant's heavily loaded and fast moving log truck bearing down upon him, was under a duty to remove himself as an obstacle to the safe passage of the truck down the highway.

As authority for this contention, appellant cites Title 36, Section 9, Alabama Code 1940, as amended. This is the rule of the road requiring one to drive on the right half of the highway and to drive a slow moving vehicle as closely as possible to the right hard edge or curb of the highway. Appellant in argument extends this rule so as to require one to get off the pavement on to the shoulder of the highway.

▓▓ We cannot accept the interpretation of appellant as to such effect of the rule. The purpose of the cited rule of the road is to insure that right of way is made available for other traffic lawfully using the highway, either oncoming or overtaking. There is no intention to be read into the statute that one lawfully in a lane of travel is required to place himself in peril in order to give way to an overtaking vehicle being operated in such manner as to be unable to come safely to a stop.

▓▓ Even if it is accepted for purpose of argument, that the driver of the tractor violated the statute and was negligent as a matter of law, no rights of recovery accrue from such violation, unless it is determined that such violation proximately caused the injuries complained of. In the case of Allman v. Beam, 272 Ala. 110, 130 So.2d 194, as follows:

> "On the issue of causation, the facts and circumstances of a particular case may be so nicely balanced that reasonable

**571**

minds might differ, when this is so, the issue is one for the jury. * * *" Simpson v. Glenn, 264 Ala. 519, 88 So. 2d 326.

We see no need for further discussion of the facts of the case. This appeal must be disposed of on the well settled principle that a trial judge hearing a case ore tenus sits as a jury and his finding on conflicting evidence has the force and effect of a jury verdict. Kite v. Head, 278 Ala. 340, 178 So.2d 166. Such findings are presumptively correct and will not be disturbed on appeal unless plainly wrong. Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764. Our review of this case convinces us that the judgment of the trial court is clearly sustained by the evidence and the law applicable thereto.

Affirmed.