WRIGHT, Presiding Judge.
From judgment for money due on account or by contract, defendant appealed. We affirm.
Plaintiff, Sales Consultants of New Orleans, Inc., claimed $6,250 from defendant, Industrial Maintenance Cleaning Contractors, Inc. contending that it had performed a service for defendant for which defendant had promised to pay. The court heard the evidence orally without a jury and entered judgment against defendant for $3,450.
Plaintiff was in the business of finding personnel needed by businesses to fill particular management positions. One Wink, on April 16, 1975, filed with plaintiff an application for a position. Plaintiff contacted employers to determine if they were in need of the particular service of Wink. The evidence of plaintiff was that on May 1 it referred Wink to defendant for an interview and sent to defendant notice of its fee in the event Wink was employed at a particular salary. It was agreed orally that a fee of $6,250 was to be paid by defendant if Wink was hired at a salary of $25,000.
Meetings were held between Wink and defendant and on May 28, Wink began working for defendant on a commission and expenses basis.
On May 28, plaintiff’s manager, Manale, called Hester, defendant’s president, to determine if Wink had gone to work. Hester told him that they had not completed an agreement and that the fee of $6,250 was more than he could afford. After discussion Manale and Hester renegotiated the fee down to $3,240.
On June 4 Manale again called Hester to confirm the amount of the fee and that Wink went to work for defendant on May 28. An invoice for $3,240 was mailed to defendant.
On June 27 Hester wrote Manale informing him that Wink had not yet gone to work but that they were working on an agreement which was expected to be completed in a few days. When the agreement was finalized he would send plaintiff a copy so the fee could be figured.
On July 11, 1975, Manale wrote Hester and recapitulated the events occurring between plaintiff and defendant since May 1, 1975. There was included in the letter statement of the original agreement by defendant to pay a fee of $6,250. Reference was made to the telephone conversation of May 28 during which the fee was lowered to $3,240. It was then stated that if the fee was not paid in 10 days the matter would be turned over to an attorney. Defendant did not respond to that letter.
On July 18, 1975, plaintiff’s attorney wrote defendant referring to an agreement to pay a fee of $6,250. A demand was made to pay or be sued.
On July 21, 1975, Hester wrote the attorney denying any agreement with plaintiff to pay a fee. He advised that defendant and Wink were still negotiating. However, he said that upon Wink’s approval of a contract, defendant would contact plaintiff and see if a fee was owed. Subsequent to this letter plaintiff filed suit.
*379 In December of 1975, defendant and Wink executed a written contract and Wink was employed by defendant at the time of trial.
The testimony of Hester was in essence as follows: He had known Wink for several years as a competitor in the same kind of business. He had talked with him at times about working for defendant; Wink had contacted him on April 29 or May 1, 1975, about a job and he had told him to come on up and talk; Wink subsequently talked with him three or four times before going to work on a commission basis in May; he never received from plaintiff any referral, order, invoice or fee schedule; though he received several calls from plaintiff’s representatives inquiring if he had reached an agreement with Wink, there was never any discussion of the amount or payment of a fee if Wink was hired; he did not recall receiving Manale’s letter of July 11, 1975, recapitulating prior discussions about a fee and demanding payment; in referring to a fee in his letters to plaintiff and its attorney, he was assuming that plaintiff had a contract with Wink for payment of a fee.
Defendant's first contention on appeal is that there was no contract between plaintiff and defendant for payment by defendant of a fee upon hiring of Wink.
It is easily seen from the previous statement of the evidence submitted by the parties, that there was conflicting testimony as to the making of a contract. The existence of a contract under such a state of the evidence is a question of fact. Maryland Casualty Co. v. First National Bank of Eufaula, 276 Ala. 575, 165 So.2d 359 (1964). The judge as the trier of fact in this case determined there was a contract. From comments of the judge made during the testimony, it appears that the judgment was upon a finding that there was an oral agreement to pay $3,240 made between Ma-nale for plaintiff and Hester for defendant during their telephone conversation of May 28, 1975. Though Hester denied such conversation and agreement, the credibility of witnesses and the weight to be given their testimony is for the trier of fact. Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889 (1966). Upon appeal of a judgment rendered by the court after oral hearing, such judgment is presumed correct and will not be set aside if supported by credible evidence. Pirtle v. Harris, 338 So.2d 1018 (Ala.Civ.App.1976). It appears clear that the court believed the evidence of plaintiff and based judgment thereon. We cannot say such judgment is not supported by the evidence and thus palpably wrong. Daniel v. Matthews, 46 Ala.App. 568, 246 So.2d 457 (1971).
Defendant’s second contention of error is that defendant did not hire Wink as the result of any service rendered by plaintiff. This contention, as was the first, is founded upon the sufficiency of the evidence. We respond to it as we did the first. There was a conflict of evidence to be resolved by the trier of fact. It did so in favor of plaintiff. There is support for its action. We cannot reverse on appeal.
The third issue presented relates to the admission into evidence of a copy of an instrument termed a “job order.” Defendant submits that its admission into evidence over objection violated the “best evidence” rule. We agree that the copied instrument in this case was erroneously admitted in evidence. Public National Life Insurance Co. v. Highsmith, 47 Ala.App. 488, 256 So.2d 912 (1971). However, as previously stated, there was testimony to support the judgment totally aside from and unrelated to the “job order.” We find the admission of the job order not to be material or injurious error and invoke Rule 45, ARAP,
Finding no reversible error, we affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.