SHORES, Justice.
This is an appeal by the plaintiffs from a judgment entered on a jury verdict in favor of the defendant. The suit arose from a collision on Highway 20 between the defendant Sullivan’s automobile and a patch roller (equipment for laying asphalt pavement) operated by the plaintiff Schrimsher.
On March 17, 1977, Schrimsher was operating a patch roller around the abutment of a bridge on Highway 20 for the Highway Department. Highway 20, divided by a median, consists of two westbound lanes leading to Decatur, Alabama, and two eastbound lanes leading to Huntsville, Alabama.
The paving work on the bridge along the two westbound lanes of traffic had been completed before the accident. Schrimsher had driven the patch roller some twelve hundred feet westwardly on the inside or left-hand westbound lane to the first crossover, turned into the crossover and stopped to check the traffic before proceeding to the eastbound lanes of the bridge.
Schrimsher testified that he saw a tractor trailer approximately one-half mile west of him, driving in the outside or right-hand lane of the two eastbound lanes. He then turned onto the inside or left-hand lane of the two eastbound lanes and proceeded towards the bridge at a rate of two to three miles per hour. He also testified that he intended to remain within that lane until he reached the bridge. The vehicular traffic on the highway at that time was described as “pretty heavy.”
*936 Schrimsher had traveled approximately two hundred thirty-nine feet down the inside or left-hand lane when his vehicle was struck in the rear by the automobile driven by Sullivan.
Sullivan testified that immediately prior to the accident she was driving east towards Huntsville and was following a tractor trailer in the outside or right-hand lane. In attempting to pass the tractor trailer, she had just pulled out of that lane onto the inside or left-hand lane when she first saw the patch roller, jammed on her brakes, and struck the roller. The roller measured five feet eight inches in total width, was five feet high, and thirteen feet long.
Schrimsher testified that as a result of the accident, he had an operation to remove a herniated disc from his back and was forced to retire from work. The plaintiff Aetna Casualty and Surety Company paid Schrimsher’s workmen’s compensation benefits for the injury suffered by Schrimsher as a result of the accident and, therefore, claimed its right of subrogation.
At trial the plaintiffs alleged defendant’s negligence and wantonness. The jury returned a verdict in favor of the defendant. Both plaintiffs appeal.
The sole issue on appeal is whether the trial court erred in refusing the plaintiffs’ requested charges while granting the defendant’s charges relating to Code 1975, § 32-5-55, which, although repealed by Acts 1980, No. 80-434, § 15-106, effective May 19, 1980, was in effect at the time of the accident. The statute states:
Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway unless it is obstructed or impassable and except when overtaking and passing another vehicle subject to the limitations applicable in overtaking and passing set forth in Section 32-5-131 and 32-5-132. Any person violating this section shall be guilty of a misdemeanor and punished as provided in Section 32-5-312.
The plaintiffs’ requested charges that were refused state:
No. 23. The Court charges the jury that Alabama Code (1975), Section 32-5-67(3) which requires that slow moving vehicles use the right lane does not apply to a multiple lane highway and therefore does not apply to the Plaintiff, Clarence Schrimsher, in this case.
No. 74. The Court charges the jury that one using a highway divided by a median with two lanes of traffic going in either direction is, subject to the rule that he must exercise reasonable care for others thereon, free to travel in any portion of the highway he chooses, having due regard for the safety of others.
The defendant’s requested charges that were given by the court and duly excepted by the plaintiffs state:
No. 16. The Court charges the jury that the law in the State of Alabama provides that upon all highways of sufficient width, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway, unless it is obstructed or impassable, and except when overtaking or passing another vehicle. The Court further instructs the jury that if you are reasonably satisfied from all of the evidence in this ease that the Plaintiff, Clarence Schrimsher, Jr., violated the foregoing provision of law, such violation on his part would constitute negligence as a matter of law, and the Plaintiffs herein could not recover under the claim premised upon negligence, if such negligence on the part of the Plaintiff, Clarence Schrimsher, Jr., proximate-Iy contributed to the injuries and damages claimed herein.
No. 18. The Court charges the jury that the law of the State of Alabama provides that upon all highways of sufficient width, the driver of a vehicle shall drive the same on the right half of the highway and shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of said highway, unless it is ob *937 structed or impassable, and except when overtaking and passing another vehicle. The Court further instructs the jury that the Defendant, Joan Silver Sullivan, had the right to assume that the Plaintiff, Clarence Schrimsher, Jr., in operating a slow moving asphalt roller, would observe the rule of the road mentioned above, and that she is entitled to act upon the assumption that until such time as she was reasonably and sufficiently apprised of the fact that the Plaintiff, Clarence Schrimsher, Jr. would not observe the rule of the road.
By giving the defendant’s requested charges, the trial court, in effect, interpreted Code 1975, § 32-5-55, to apply to four lane highways. We agree.
This Court has long held that violations of the statutory rules of the road which proximately result in injury to another constitute negligence per se. See Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892 (1957). It is also an established rule that a driver of a vehicle on Alabama highways may proceed in the exercise of reasonable care under the assumption that others in traffic around him will observe the statutory rules of the road. See Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306 (1963).
However, the plaintiffs claim that the rule of the road requiring drivers to stay on the right-hand side did not apply, as a matter of law, to multiple lane highways. In support, they cite Brown v. Bush, 220 Ala. 130, 124 So. 300 (1929). In that case, a requested jury charge stated:
“The court charges the jury that under the law of the road, the driver of a car must keep to the right hand side the way he is going, and if there are two divisions or roadways provided on the same road, one for automobiles traveling in one direction and the other for those traveling in the opposite direction, then, prima fa-cie it is the duty of one driving an automobile in a certain direction along said road or street to use that division of the road or street provided for use for those traveling in the direction in which he is going, and a failure to do so would prima facie be negligence on his part, and if he did not do so the burden would be on him to show a legal excuse for not so doing.”
220 Ala. at 130, 124 So. 300.
There was no error in refusing defendant’s charge No. 8. It is not the rule of the road under all circumstances. A split street, indicated by barrier or line of demarcation or by two driveways, for practical purposes may be treated as separate highways. It is required of persons driving or riding on such street that they shall, when practicable, use the right-hand side thereof, as they proceed. This, however, is a duty that may be modified or changed by the immediate condition, use, or obstructions in or on such highway. That is, subject to the rule that one using a highway must exercise reasonable care for others thereon, he is free to travel on any portion of the highway which he chooses, having due regard for the safety of others.
220 Ala. at 131, 124 So. 300.
This case is inapplicable to the plaintiffs’ contention. The Court’s language was specific to the particular circumstances of that case, which were very different from those involved here. A reading of the entire opinion in Brown v. Bush, supra, shows that the case dealt with a situation where a four lane highway was under construction and some detouring back and forth was permitted between two and four lanes along the highway. In such a situation, the Court correctly decided that it would be improper to charge that the driver must always stay in the “division of the road or street provided for use for those traveling in the direction in which he is going.”
The plaintiffs also state that in all prior decisions in which it has been held that Code 1975, § 32-5-55, applies, the situation involved only two lanes of highway, each going in opposite directions. See Hubbard v. Thrasher, 26 Ala.App. 252, 157 So. 680 (1934); Daniel v. Matthews, 46 Ala.App. 568, 246 So.2d 457 (1971); Luquire Ins. Co. v. McCalla, 244 Ala. 479, 13 So.2d 865 (1943). While this may be true, we can find *938 no prior decision that has expressly limited this statute to only two lane roads. We can find no reason to do so now.
The purpose of the statute is twofold. First, the statute instructs that “except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway.... ” It seems clear to us that the purpose of this portion of the statute is to prevent collisions between vehicles going in opposite directions by keeping traffic out of oncoming lanes, whether there be one, two or four of them. The term “right half” could encompass any number of lanes going in the same directions.
Secondly, the statute uses the conjunction “and” to also instruct that “[the driver of the vehicle] shall drive a slow moving vehicle as closely as possible to the right hand edge or curb of such highway unless it is obstructed or impassable and except when overtaking and passing another vehicle.... ” The purpose of this portion is clearly to facilitate passing of such slow moving vehicles on the left by overtaking traffic. See Daniel v. Matthews, supra. There is nothing in this portion of the statute which would suggest that it be limited to two lane roads. In fact, it seems well suited for multi-lane highways, in that it provides that the inside or passing lane on such highways should be unobstructed by vehicles moving considerably slower than the normal flow of traffic.
A review of the statute that replaced Code 1975, § 32-5-55, supports our interpretation as to its applicability to four lane highways. Code 1975, § 32-5A-80(b), states:
Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway. ... [Emphasis added.]
Plaintiffs also argue that it would be manifestly absurd to apply Code 1975, § 32-5-55, to multiple lane highways since requiring that “the driver of a vehicle shall drive the same upon the right half of the highway ...” would result in long traffic jams on all interstate and multi-lane highways as each driver attempts to drive in the right-hand lane of the highway except to pass. They then cite numerous cases from other jurisdictions where the court had found that such behavior should not be required. See Riehl v. DeQuarne, 24 Wis.2d 23, 127 N.W.2d 788 (1964); Claypoole v. Motor Finance Corporation, 125 N.J.L. 440, 15 A.2d 794 (1940); Poe v. New Amsterdam Casualty Company, 154 So.2d 519 (La.App.1963).
This statute does not mandate that all drivers must drive in the right-hand lane of the highway except to pass. It only requires that all drivers have a duty to stay on their right half of the highway, and drivers of slow moving vehicles have the additional duty to stay in the right-hand lane of the right half of the highway.
The plaintiffs also contend that the legislature clearly did not intend this statute to apply to four lane highways because to do so would cause it to be incompatible with four other statutes and thereby render them meaningless.
The statutes are: (1) Code 1975, § 32-5-67, which provides:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply:

(3) Official signs may be erected directing slow-moving, traffic to use a designated lane or designating those lanes to be used by traffic moving in a particular direction regardless of the center of the roadway and drivers of vehicles shall obey the directions of every such sign.
(2) Code 1975, § 32-5-68, which provides:
Whenever any highway has been divided into two roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon *939 the right-hand roadway and no vehicle shall be driven over, across or within any such dividing space, barrier or section, except through an opening in such physical barrier or dividing section or space or at a crossover or intersection established by public authority.
(3) Code 1975, § 32-5-77, which provides:
(a) Any law to the contrary notwithstanding, the director of the department of public safety is hereby authorized to restrict driving in the extreme left side in any portion of any interstate highway, or of any highway of sufficient width, except for overtaking and passing. He may issue any reasonable rules and regulations necessary to implement this section.
(4) Code 1975, § 32-5-134, which provides:
(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(3) Upon a one-way street or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles.
We disagree that a holding that § 32-5-55 is applicable to four lane highways renders these other statutes meaningless. Once again, a conflict would arise only if § 32-5-55 required that all vehicles must stay in the right-hand lane. These statutes are not in conflict with the duty imposed on a driver of a slow moving vehicle to drive as closely as possible to the right-hand curb. They merely supplement that duty under certain circumstances. Mere overlapping of some wording does not make one superfluous.
Lastly, plaintiffs contend that the statute is not intended for the protection of drivers in an overtaking position such as the defendant. The Daniel v. Matthews, supra, decision is clear authority to the contrary. The Alabama Court of Civil Appeals was correct in holding that:
The purpose of the cited rule of the road [Code 1975, § 32-5-55] is to insure that right of way is made available for other traffic lawfully using the highway, either oncoming or overtaking. [Emphasis added.]
46 Ala.App. at 570, 246 So.2d 457.
For these reasons, the trial court was correct in holding that Code 1975, § 32-5-55, was applicable to multi-lane highways. Plaintiffs’ requested charges were correctly refused, and defendant’s charges were properly granted.
AFFIRMED.
TORBERT, C. J., and JONES and BEAT-TY, JJ., concur.
MADDOX, J., concurs in the result.