## No. 14,857.

VASQUEZ *v.* MORROW ET AL.

(107 P. [2d] 246)

Decided November 4, 1940.

Mr. J. M. CHILDRESS, for plaintiff in error.

Mr. EARL T. THRASHER, Mr. ADDISON M. GOODING, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE parties appear here in the same relative positions as in the trial court and we will herein refer to them by name or as plaintiff and defendants. Under the verdict of a jury in a justice of the peace court, plaintiff recovered judgment for $250 damages for injury to his automobile resulting from a collision with the car of defendants. Defendants appealed to the county court wherein upon a trial to the court without the intervention of a jury, a judgment for defendants was rendered. Plaintiff prosecutes this proceeding in error to review the latter judgment.

From the record it appears that preceding the collision the two automobiles were being driven at moderate speeds in the same direction along highway 131 in Routt county, the car of plaintiff being in advance of that of defendants. Upon overtaking plaintiff's car Mrs. Morrow sounded her horn and proceeded to pass on. the left. In so doing she drove off the gravel surface of the roadway onto the shoulder of loose dirt, whereupon her car slid into the road ditch, of slight depth, in which it remained for a distance of about forty feet and then proceeded across the road diagonally to the right side thereof where the cars collided. Plaintiff's car was knocked off the highway, down a steep bank and was practically demolished. In the area involved the road was straight and nearly level. The gravelled surface was at least seventeen feet in width, and the inside shoulder about one and one-half feet wide. To the left of the road the ditch was shallow; to the right was a

steep declivity extending downward for at least forty or fifty feet.

As appears from the opening statement of counsel for defendants, there of course being no written pleadings, the defenses were a denial of negligence, unavoidable accident, and contributory negligence of plaintiff. The trial court made written findings of fact and concluded therefrom, specifically and generally, that plaintiff was guilty of contributory negligence and on this ground denied recovery. Counsel for defendants here largely rely for affirmance on the proposition that findings of fact by the trial court are conclusive. Such is not the rule where there is insufficient evidence to sustain them. *Denver & Rio Grande R. R. Co. v. Morton,* 3 Colo. App. 155, 32 Pac. 345; *Stewart v. Austin,* 50 Colo. 248, 115 Pac. 516; *Brinker v. Union Pacific & G. Ry. Co.,* 11 Colo. App. 166, 55 Pac. 207. In our opinion, the latter situation attains in the present case and consequently the judgment must be reversed. Notwithstanding that by the court's findings plaintiff was declared to be guilty of contributory negligence, these findings indicate that the trial judge was of the opinion that during the period involved plaintiff was encroaching upon the left half of the highway, contrary to the provisions of section 194, chapter 16, '35 C.S.A., requiring him to travel on the right half thereof; and on such premise decided that the accident proximately was caused by plaintiff's dereliction in this respect. The evidence appearing in the bill of exceptions does not justify either the finding or the conclusion. For example, the findings recite: "The plaintiff admits hearing the passing signal * * * and admits driving in the center of the highway at the time." The testimony of the plaintiff as to these matters was as follows: "Q. Did you hear the horn? A. Yes. Q. What side of the road were you on? *The right side?* A. Yes." The findings then proceed: "The testimony shows that the undersheriff, William Macfarlane and the deputy · sheriff, Manuel Carlson, who appeared upon the scene

and took measurements of the highway where the accident occurred, discloses that the plaintiff's car was traveling in the center of the road, or highway from the point where the overtaking car of the defendants gave the passing signal, and that said plaintiff never did give way to the right; thereby forcing the defendants' car off the main traveled surface of the road onto the shoulder of the highway." The testimony of the witnesses named concerning this subject was: Witness Macfarlane. "Q. Where were they [the tracks of the Vasquez car] with reference to the road, on which side of the road? A. Pretty much in the center of the road. It has been so long since we measured that my recollection is that the Vasquez car was pretty much in the center of the road, but I am not just certain." Witness Carlson. "Q. Could you ascertain from the tracks where Vasquez's car was driving on the road? A. Yes, it was crowding the center of the road. Q. It was on what side of the road? A. *The right side.*" This witness further stated that judging from the tracks, there was at least two feet. clearance between the cars at the point of passing.

■■ It further may be observed, as the findings intimate, that these witnesses jointly inspected the situs of the accident and the uncertainty in the recollection of the first in no way would impair the certain testimony of the latter. Neither Mrs. Morrow nor any of the occupants of her car so much as claimed that when she started around the plaintiff's car it was on the wrong side of the road. No witness for either side stated that when the Morrow car was passing, plaintiff changed his course so as to "force" defendants' car off the road. The findings continue: "The testimony of plaintiff * * * that * * * he is afflicted with heart disease * * * undoubtedly accounts * * * for his failure to heed the passing signal and of losing control of his own car." We are unable to find anything in the evidence transcribed to suggest that plaintiff lost control of his car, at least not until it was knocked completely off the road and

rolled down the sidehill by the impact of the collision. Plaintiff testified that after hearing the horn of the Morrow car he did not turn further to the right for the reason that there was ample room on his left for the Morrow car to pass. The statutory rules specifically pertinent to the situation here involved, are subdivisions (a) and (b) of section 196, chapter 16, '35 C.S.A., which read as follows: "(a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." "(b) * * * the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." Under statutes generally similar to ours, it has been held that where two automobiles are traveling in the same direction the one in front has the superior right and may maintain this position if there is sufficient space on its left to enable the approaching car to pass safely and conveniently. *Mark v. Fritsch,* 195 N.Y. 282, 88 N.E. 380, 22 L.R.A. (N.S.) 632, 133 Am. St. Rep. 800. Under section 196, supra, it would seem clear that where the left half of the roadway is clear and the forward automobile is on the right half thereof, the driver of the latter is not required to turn further to the right upon hearing a passing signal given by the driver of an overtaking car. Likewise, the mere failure of the driver of an overtaken vehicle to turn to the right does not justify the operator of the overtaking vehicle to drive on into a collision with the first. *Borden's Condensed Milk Co. v. Mosby,* 250 Fed. 839, 163 C.C.A., 153; *Standard Oil Co. v. Carter,* 210 Ala. 572, 98 So. 575. In *Strickland v. Davis,* 221 Ala. 247, 128 So. 233, it was decided that the driver of the rear vehicle should not undertake to pass until the right-of-way for free passage has been accorded by the driver ahead, or unless such right-of-way ac-

tually exists by reason of the circumstances of the place. "A motorist who undertakes to pass another car must exercise caution, and is bound to see that the situation is one where an ordinarily prudent person would think it safe to pass." 2 Blashfield's Cyclopedia of Automobile Law, Permanent Edition, §946.

We are satisfied that the evidence adduced below does not sustain the specific findings of the court nor support the general conclusion that plaintiff was guilty of negligence, contributory or otherwise.

■ Since, in the ordinary sense, contributory negligence implies negligence on the part of the defendant and can exist only as a co-ordinate or counterpart thereof, we might assume logically that to reach the conclusion expressed, the trial court must have first decided that the defendants primarily were negligent, and remand the cause solely for the determination of the amount of plaintiff's damage. However, in view of our uncertainty, hereinabove expressed, as to the precise extent of the trial court's conclusion, we are of the opinion that the interests of justice best would be served by a retrial of the cause which accordingly is remanded for that purpose.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE HILLIARD, MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE concur.

MR. JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE BAKKE not participating.