**Frank P. YOUNG, Appellant,**

v.

**STATE of Alaska et al., Appellees.**

**No. 1466.**

Supreme Court of Alaska.

Nov. 30, 1971.

---

Warren A. Taylor, Fairbanks, for appellant.

Howard Staley, Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellee State of Alaska.

Charles J. Clasby, Fairbanks, for appellee Peter Kiewit Sons'.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

ERWIN, Justice.

This is an appeal by Frank Young from the adverse decision of the trial court sitting without a jury.[1]  We affirm.

In 1963, the State of Alaska let a construction contract to Peter Kiewit Sons' Company for the construction of a highway to Chena Hot Springs, north of Fairbanks.

---

1. In Young v. State, 455 P.2d 889 (Alaska 1969), we reversed the trial court's grant of summary judgment for the State and Peter Kiewit Sons' and remanded for trial.

The contract specifications required Peter Kiewit Sons' Company to construct completed bridge approaches, the bridges themselves to be contracted for separately by the state.

On September 12, 1964, Edward Krivak and appellant Young, his passenger, drove in Krivak's car to the area where the road construction began. A moveable barricade had been erected marking the end of the public highway and the beginning of the construction zone. Although several signs were posted along the road and on the barricade itself warning that the road was under construction and closed, Young and Krivak proceeded past the barricade intending to drive to Young's cabin located adjacent to the hot springs.

Several miles down the road, Krivak drove toward a new bridge approach at approximately 35 miles per hour and realized too late that there was no bridge beyond. He veered to the left, ran off the road and down the embankment and, as a result, Young suffered injury. At trial, Young argued that the state and the contractor were negligent in failing to post signs at hazardous points along the route and in failing to lock the barricade in order to prevent access to the road.[2]

In his memorandum opinion the trial judge found that adequate warning signs had been posted and a barricade erected, and that Young had seen the signs and knew the road was closed, having been over the road several times in the past while it was under construction. The remainder of the opinion contains a rather involved discussion of alternative theories of recovery.

The appellant's argument on appeal focuses on the concluding sentences of the lower court's opinion:

Plaintiff has brought this action on a theory of negligence by the defendants. Even if the defendants were to be found negligent under *any theory, and the court does not make a finding in this regard,*

plaintiff's travel beyond the noted warnings and knowledge of the construction area beyond lead directly to the injury he suffered and would bar his recovery. Van Reenen [Van Reenan] v. Golden Valley Electric Association, Inc., 379 P.2d 958, 961 (Alaska 1963). (emphasis added)

Young argues that the lower court mistakenly applied the contributory negligence standard governing a driver's conduct to a passenger without any control over the vehicle. Appellant reasons that since it would not have been negligent for a passenger to doze, watch the scenery, or read a map, he was under no duty to keep a lookout or to warn the driver of particular hazards on the road. We think that this argument, although persuasive on the surface, misconstrues the lower court's holding. The court found the plaintiff contributorily negligent not for his failure to warn the driver of the particular hazards involved in approaching the bridge at a high rate of speed, but rather for agreeing to travel on the road under construction, with knowledge of the dangers involved.

It is clear that this is a proper case for application of the contributory negligence defense. The Second Restatement of Torts,[3] defines contributory negligence as "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." Restatement § 466 provides that plaintiff's contributory negligence may be either:

a) an intentional and unreasonable exposure of himself to danger created by the defendant's negligence, of which danger the plaintiff knows or has reason to know, or

b) conduct which, in respects other than those stated in Clause (a), falls short of the standard to which a reasonable

---

2. Young settled out of court with Krivak for $3,000. Young v. State, 455 P.2d 889 (Alaska 1969).

3. Restatement (Second) of Torts § 463 (1965).

man should conform in order to protect himself from harm.

The contributory negligence at issue here, of course, is of the former variety, sometimes referred to by the court as "voluntary assumption of risk." The Restatement sets out the following example of this type of contributory negligence: [4]

> [I]f a plaintiff rides in an automobile knowing that the driver is drunk, ignorant of driving, or habitually reckless or careless, or that the machine has insufficient brakes or headlights, he ordinarily cannot recover against the defendant through whose negligence an accident occurs if the drunkenness, incompetence or carelessness of the driver or the bad condition of the vehicle is a contributing factor in bringing about the accident.

It is well established that in certain circumstances a person can be contributorily negligent by merely agreeing to be a passenger in a vehicle.[5]

Although in Leavitt v. Gillaspie, 443 P.2d 61 (Alaska 1968), we disapproved of the assumption of risk defense, that case does not preclude defensive use of conduct by which a person negligently exposes himself to an unreasonable risk of harm. In other words, if a plaintiff voluntarily and *unreasonably* assumes a negligently created risk, his conduct amounts to contributory negligence and he is barred from recovery.[6] *Gillaspie,* in fact, is close in point because we held that it was proper to submit the contributory negligence issue to the jury when the facts were that plaintiff decided to ride as a passenger in an automobile operated by an intoxicated driver. Further, we think there was sufficient evidence on the record so that the court's finding of contributory negligence was not "clearly erroneous." [7]

■ A more troublesome aspect of the lower court's opinion is its apparent failure to find the defendants negligent before reaching the issue of the plaintiff's contributory negligence. As noted above the court stated:

> Plaintiff has brought this action on a theory of negligence by the defendants. Even if the defendants were to be found negligent under any theory, *and the court does not make a finding in this regard,* plaintiff's travel beyond the noted warnings and knowledge of the construction area beyond lead directly to the injury he suffered and would bar his recovery. * * * (emphasis added)

---

4. Restatement (Second) of Torts § 466, comment e (1965).

5. *See* Restatement (Second) of Torts, Appendix § 466 (1966); 11 Blashfield, Automobile Law and Practice § 426.6 at 501 (1968).

6. *Gillaspie* was directed at the situation where a plaintiff's recovery could be barred because he had voluntarily, but not unreasonably, assumed a risk. Where the assumption of risk was unreasonable we felt that it could be dealt with under the traditional contributory negligence rubric. Thus, at 443 P.2d 61, 68, we stated:

> The effect of this concept [assumption of risk] was to exculpate a negligent defendant upon the notion that a plaintiff assumed the risk of that negligence even though he was not contributorily at fault, i. e., even though he had exercised the care of the reasonably prudent man under all of these circumstances.

> \* \* \* \* \*
> As a matter of policy we disapprove of a concept which could result in a situation where an accident victim, even though not contributorily at fault, could be barred from recovery because he knew or should have known of a negligently created risk. The just concept should be whether a reasonably prudent man in the exercise of due care would have incurred the risk despite that knowledge, and if so, whether he would have conducted himself in the manner in which the plaintiff acted in light of all the circumstances, including the appreciated risk. This means that only the traditional notions of negligence and contributory negligence should govern cases such as we have here and that the defense of assumption of risk should not be a defense and should not be used. (footnotes omitted).

7. Civ.R. 52(a); Alaska Foods, Inc., v. Am. Mfrs. Mut. Ins. Co., 482 P.2d 842 (Alaska 1971).

Elsewhere in its opinion, however, the court made the following statement:

> Too, there are public policy considerations to be weighed. The hazards and defects incident to road construction are likely to be of a constantly shifting nature, varying from week to week and day to day. To require posting of interim notices beyond a barricade and other initial warnings would be not only unduly burdensome but possibly hazardous to the work underway.

While this paragraph may be read as a statement that no duty was owed Young by the defendant to conform to a particular standard of conduct, and consequently that the elements of a cause of action for negligence were absent,[8] we think that the court's clear statement that it was not so ruling is controlling. Thus, the question arises: Is it proper for a court to bar a plaintiff's recovery by finding contributory negligence without first deciding whether the defendant was negligent?

The well-established rule is stated by the California Supreme Court in O'Keefe v. South End Rowing Club, 64 Cal.2d 729, 51 Cal.Rptr. 534, 547, 414 P.2d 830, 843, 16 A.L.R.3d 1 (1966):

> The question of the plaintiff's contributory negligence is a matter of defense, to be litigated, if at all, only after the plaintiff has proved the elements of his case, including the defendant's duty and breach thereof.[9]

Doctrinally, contributory negligence presupposes negligence for which the defendant is responsible, and for which recovery would be allowed but for the concurrence of contributory negligence. In the absence of actionable negligence, contributory negligence cannot exist.[10] Further, as a matter of policy, it is inappropriate to allow the trial court to use the contributory negligence defense to sidestep difficult proximate cause issues, or, as here, to avoid troublesome issues regarding the duty owed by the defendant which can be resolved only by an intricate balancing of public policy considerations. It might lead to excessive use of this disfavored defense.[11]

Finally, it is clear that the practice utilized by the court below may lead to unnecessary new trials in cases where this court disagrees on appeal with the lower court's finding of contributory negligence. For example, if, in this case, we were to hold that there was no contributory negligence, a new trial on the issue of defendant's negligence would be required since the trial court made no finding in that regard.

Therefore, although this court has in the past approved the above practice,[12] we deem it appropriate to announce a different rule for the future. In order to avoid the possibility of unnecessary new trials in cases

---

8. Prosser states the elements of a cause of action for negligence as follows:
   1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
   2. A failure on his part to conform to the standard required. * * *
   3. A reasonably close causal connection between the conduct and the resulting injury. * * *
   4. Actual loss or damage resulting to the interests of another.
   Prosser, Law of Torts, § 30 at 143 (4th ed. 1971).

9. See also 57 Am.Jur.2d Negligence § 503 (1971).

10. See Furrer v. Talent Irrigation Dist., 466 P.2d 605, 615 (Or.1969) (by implication); Osinger v. Christian, 43 Ill. App.2d 480, 193 N.E.2d 872 (1963); Haney v. Frederick V. Gentsch, Inc., 368 Mich. 354, 118 N.W.2d 491 (1962); Goldman v. Johnson Motor Lines, 192 Md. 24, 63 A.2d 622 (1949); Vasquez v. Morrow, 106 Colo. 540, 107 P.2d 246 (1940). See also 65A C.J.S. Negligence § 116 (1966).

11. See Prosser, Torts § 65 at 417–18 (4th ed. 1971). This danger is aggravated by the rule that plaintiff's contributory negligence, no matter how slight in relation to defendant's negligence, will bar recovery.

12. Van Reenan v. Golden Valley Electric Assn., 379 P.2d 958, 961 (Alaska 1963).

appealed on the issue of contributory negligence, we find that the trial court should make a finding on the issue of negligence before reaching the issue of contributory negligence. In this way, we may avoid a piecemeal approach to litigation which might result in successive retrials.

The judgment is affirmed.