491 P.2d 604 (1971)
Sandra K. BASSETT, Plaintiff-Appellee,
v.
Douglas B. O'DELL, Defendant-Appellant.
No. 70-441.
Colorado Court of Appeals, Div. I.
November 16, 1971.
Rehearing Denied December 7, 1971.
Certiorari Granted January 3, 1972.
Kripke, Carrigan & Dufty, P. C., Kenneth N. Kripke, Denver, for plaintiff-appellee.
Burnett, Watson, Horan & Hilgers, Mike Hilgers, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
This is an action arising out of an automobile accident occurring in Denver, Colorado, *605 wherein defendant, O'Dell, ran his automobile into the side of plaintiff's vehicle at an intersection. Plaintiff sued defendant, claiming that defendant was negligent in driving through the intersection on a red light, and that this negligence was the proximate cause of the accident. Defendant denied negligence and raised the defense of contributory negligence. He also filed a counterclaim against plaintiff claiming that plaintiff was negligent because he, the defendant, had the rightofway in the intersection.
Before submitting the case to the jury, the trial court ruled against defendant on his counterclaim and on his defense of contributory negligence. The jury returned a verdict in plaintiff's favor and defendant now appeals.
The appeal is predicated on the theory that the trial court erred in granting the motions to dismiss defendant's counterclaim and to dismiss his defense of contributory negligence. Plaintiff admits that it was error for the court to dismiss the contributory negligence defense, and she agrees that a new trial is necessary on this issue.
It was also error for the trial court to dismiss defendant's counterclaim as a matter of law. Plaintiff and her witnesses presented testimony that defendant entered the intersection on a red light, and that plaintiff was traveling through the intersection on a green light. Plaintiff admits contributory negligence was an issue in the case because of the rule that where a party looks but fails to see what is clearly present, she may be held guilty of contributory negligence. Balloga v. Wyman, 163 Colo. 558, 431 P.2d 866; Werner v. Schrader, 127 Colo. 523, 258 P.2d 766. However, plaintiff denies that defendant might have had the right-of-way in the intersection, and thus argues that defendant cannot recover on his counterclaim. We disagree, as there was testimony by the defendant that the light was yellow immediately prior to the time he entered the intersection, thereby permitting him to enter the intersection provided he cleared it before the light turned red. Denver Revised Municipal Code 508.6-7(1)
There was testimony that defendant entered the intersection on a yellow light. There was further testimony that if defendant did in fact enter the intersection on a yellow light that plaintiff must have entered on a red light. This right-of-way issue presents a factual dispute, and its proper determination was for the jury, not the trial court.
Further, plaintiff contends that, since the amount of the verdict is not contested by defendant, the amount of the verdict should stand, and the new trial should be confined solely to the issue of liability. We disagree.
The issues of damages and of liability in this action are so closely intertwined that it would be error to confine the new trial solely to the liability issue. Our supreme court has held that where the issues at trial are interrelated and depend upon one another for determination, then error which requires a new trial on one issue, will, of necessity, require a new trial as to all issues. New Cache La Poudre Irrigation Co. v. Water Supply & Storage Co., 29 Colo. 469, 68 P. 781. We are of the opinion that the interests of justice would best be served by a retrial of the cause which accordingly is remanded for that purpose. Vasquez v. Morrow, 106 Colo. 540, 107 P.2d 246.
Judgment reversed with directions that a new trial be held on all issues.
SILVERSTEIN, C. J., and PIERCE, J., concur.